Janice Jean FEAGIN, Appellant,

v.

**The STATE of Texas.**

No. 101–97.

Court of Criminal Appeals of Texas, En Banc.

April 22, 1998.

Janet C. Pederson, McKinney, for Appellant.

Tom O'Connell, District Attorney, John L. Schomburger, Assistant District Attorney, McKinney, Matthew Paul, State's Attorney, Austin, for State.

## OPINION ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW

MANSFIELD, Judge, delivered the opinion of the Court, in which McCORMICK, Presiding Judge, and BAIRD, OVERSTREET, MEYERS, KELLER, PRICE and WOMACK, Judges, joined.

Appellant, Janice Jean Feagin, pleaded guilty to debit card abuse, pursuant to a plea agreement, on December 9, 1987, in the 219th District Court of Collin County. See Tex. Penal Code § 32.31(b)(8). The trial court assessed punishment at imprisonment for five years, probated, and ordered that she pay $2,400 in restitution. Part of the conditions of appellant's probation required her to report to her probation officer once a month and to make $80 monthly payments.[1] On February 19, 1993, after appellant failed to make the necessary monthly payments, the trial court extended appellant's probation for one year, until December 8, 1993. On November 10, 1993, the State filed a motion to revoke appellant's probation on grounds that she failed to report to her probation officer as required and failed to make monthly payments as ordered by the trial court.

Appellant filed a motion to dismiss the State's motion to revoke on the ground that the State failed to use due diligence in apprehending her. Thereafter, on November 2, 1995, after the trial court overruled appellant's motion, appellant's probation was revoked and she was sentenced to two years imprisonment. Appellant then appealed from the trial court's order, alleging that it erred in denying her motion to dismiss because the State failed to use due diligence in apprehending her. The State argued that the court of appeals did not have jurisdiction over appellant's appeal because her notice of appeal did not comply with Texas Rule of Appellate Procedure 40(b)(1). See Tex.Code Crim. Proc. article 42.12 § 23(b). The court of appeals determined that it could exercise jurisdiction over appellant's appeal without violating Rule 40(b)(1) because the plea agreement was separate from the probation revocation hearing. The court of appeals, in an unpublished opinion, reversed the order and remanded the case to the trial court. *Feagin v. State*, No. 05–95–01895–CR, 1996 WL 730579 (Tex.App.Dallas 1996).

We granted the State's petition for discretionary review to determine whether the court of appeals correctly exercised jurisdiction over appellant's appeal attacking the propriety of the order revoking her probation, even though appellant only filed a general notice of appeal.

The State argues that the court of appeals erred in exercising jurisdiction over appellant's appeal because she failed to comply with Tex.R.App. Proc. 40(b)(1) requirements. See now Tex.R.App. Proc. 25.2(b). Specifically, the State contends that Rule 40(b)(1)

---

1. Appellant's monthly fee was broken down as follow: $2,400 restitution to be paid $40 monthly; $139 in costs to be paid $5 monthly; probation supervision fees of $25 a month; and reimbursement of Collin County for the appointment of counsel in the amount of $250 to be paid $10 monthly.

applies to all appeals where the conviction was based upon a plea of guilty or nolo contendere. The State cites *Watson v. State*, 924 S.W.2d 711 (Tex.Crim.App.1996), in support of its argument.

Appellant contends that Rule 40(b)(1) is inapplicable to appeals attacking the propriety of a probation revocation order. Appellant cites *Whetstone v. State*, 786 S.W.2d 361, 363 (Tex.Crim.App.1990), in support of her argument.

A significant advantage of plea bargaining is that appellate review of disputed legal issues can be expedited by exchanging a plea of guilty for a punishment recommendation. Substantial judicial resources are thereby conserved, because the State can secure an acceptable disposition of a pending criminal case and the defendant can obtain expeditious appellate review of contested legal matters without the necessity of a full adversarial trial. *Watson*, 924 S.W.2d at 714. Because a plea bargain ordinarily involves an express waiver of many of the defendant's rights, there are restrictions that govern the defendant's right to appeal. By the express terms of Rule 40(b)(1), these restrictions apply where the defendant has been convicted on a plea of guilty or nolo contendere and his punishment has been assessed by the trial judge in accordance with the recommendation of the prosecuting attorney. In that case, the defendant may only complain on appeal of those non-jurisdictional matters allowed by the trial judge or raised by written motion filed and ruled upon before trial. Tex.R.App.Proc. 40(b)(1). The restrictions of Rule 40(b)(1) apply to appeals attacking the propriety of the defendant's conviction. *Whetstone*, 786 S.W.2d at 363. The restrictions of the rule also apply to a defendant's appeal of an order deferring adjudication of guilt.[2] *Dillehey v. State*, 815 S.W.2d 623, 626 (Tex.Crim.App.1991). Rule 40(b)(1) is, however, inapplicable to appeals attacking the propriety of orders revoking probation. *Whetstone*, 786 S.W.2d at 363; See also, *Corley v. State*, 782 S.W.2d 859 (Tex.Crim.

App.1989) (pointing out that a defendant may appeal from the trial court's order revoking probation, with the time for filing notice of such appeal beginning to run from the revocation rather than from the original plea hearing); *Rojas v. State*, 943 S.W.2d 507, 509 (Tex.App.—Dallas 1997).

In the present cause, appellant's appeal was limited to a single issue which was unrelated to her conviction, i.e., whether the trial court erred in denying her motion to dismiss the revocation hearing because the State failed to use due diligence in apprehending her. The court of appeals properly exercised jurisdiction over appellant's appeal. And appellant properly sought a general appeal from the trial court's order revoking probation. Tex.Code Crim. Proc. article 42.12 § 23(b). Accordingly, the judgment of the Court of Appeals is AFFIRMED.

HOLLAND, J., did not participate.

---

**2.** A defendant may enter a plea agreement for deferred adjudication and appeal the propriety of the order in the same manner that he would do so in an ordinary probation case. After a hearing, however, a trial courts determination to proceed with an adjudication of the defendant's guilt on her original charge, is not appealable by the defendant. See Article 42.12 § 5(b).