header.ag1



NUMBERS 13-00- 146-CR, 13-00-147-CR & 13-00-148-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


JUSTIN SMITH, Appellant,


v.


THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 130th District Court

of Matagorda County, Texas.

___________________________________________________________________


O P I N I O N

Before Justices Hinojosa, Castillo and Amidei (1)

Opinion by Justice Castillo 


 This is an appeal of the revocation of appellant Justin Smith's community supervision in three cases. Smith pled guilty to
the offenses of burglary of a habitation, burglary of a building and forgery. Pursuant to a plea bargain, he was placed on ten
years deferred adjudication on the burglary of a habitation charge and five years deferred adjudication on each of the two
remaining charges in June of 1999. Motions to revoke probation and adjudicate guilt were subsequently filed in all three
cases and, at the hearing on the motions, Smith pled not true to all the allegations therein. After hearing evidence, the trial
court revoked his community supervision in all three cases, adjudicated his guilt, and assessed one sentence of ten years
incarceration in the penitentiary and two sentences of two years incarceration in a state jail.

 Appellant raises five points of error. His first, third, fourth and fifth points of error complain of the trial court's finding
that he violated his probation and adjudicating his guilt. It is well settled that no appeal may be taken of a trial court's
determination to adjudicate guilt. Tex. Code Crim. Proc. Ann. art. 42.12, §5(b)(Vernon Supp. 2001);Phynes v. State, 828
S.W.2d 1, 2 (Tex. Crim. App. 1992). We therefore have no jurisdiction to address appellant's first, third, fourth, and fifth
points of appeal.

 A defendant does have a limited right to challenge errors made following a determination to adjudicate, including whether
he was granted an opportunity to present evidence in mitigation of punishment. See Issa v. State, 826 S.W.2d 159, 161
(Tex. Crim. App. 1992). In his sole remaining point, appellant claims that he was denied this right. We do not reach this
issue, however, as appellant has filed a general notice of appeal which fails to confer jurisdiction on this Court. A
defendant who has pled guilty pursuant to a plea bargain for deferred adjudication, and received the benefit of that plea
bargain, must file a specific notice of appeal complying with the dictates of Texas Rule of Appellate Procedure 25.2(b)(3)
when appealing a subsequent sentencing following adjudication. (2) Watson v. State, 924 S.W.2d 711, 714 (Tex. Crim.
App. 1996)(applying former Tex. R. App. P. 40(b)(1));Vidaurri v. State, 981 S.W.2d 478, 479 (Tex. App.- Amarillo 1998,
pet. granted)(applying Tex. R. App. P. 25.2(b)(3)); Haller v. State, 933 S.W.2d 262, 263 (Tex. App. - Corpus Christi 1996,
no pet.)(applying former Tex. R. App. P. 40(b)(1)). Therefore, we have no jurisdiction to address this issue. 

 Appellant has cited Feagin v. State, 967 S.W.2d 417 (Tex. Crim. App. 1998) in support of his contention that we have
jurisdiction to hear this case in spite of his failure to comply with the requirements of Texas Rule of Appellate Procedure
25.2(b)(3). (3) We note that Feagin did not involve a deferred adjudication probation and, indeed, the Feagin decision
specifically notes that former rule 40(b)(1) (now rule 25.2(b)(3)) does apply to appeals attacking the propriety of a
defendant's conviction and appeals of an order deferring adjudication of guilt. (4) Feagin, 967 S.W.2d at 419. Appellant's
remaining point falls into neither of these categories. It neither attacks the propriety of his conviction nor does it attack the
order deferring adjudication; rather, it challenges an alleged error following a determination to adjudicate as permitted
byIssa. However, the holding in Feagin that rule 40(b)(1) (now 25.2(b)(3)) was inapplicable was specifically limited to
appeals attacking the propriety of orders revoking probation. Id. As Feagin's appeal was from a revocation of probation
following a suspended conviction, rather than deferred adjudication, the court had no need to determine, and did not
determine, the issue of whether post-adjudication Issa-type claims were exempt from rule 25.2(b)(3) notice requirements. 
Therefore Feagincannot be relied on to support appellant's contention that he was not required to comply with the notice
requirements mandated by rule 25.2(b)(3) in an appeal arising out of his deferred adjudication revocations. 

 We do recognize that the Court of Criminal Appeals has granted a petition for discretionary review in Vidaurri, an appeal
of a contested hearing on a deferred adjudication probation revocation which did include an Issa post-adjudication error
claim. The court granted review on two grounds, one of which is the question of whether rule 25.2(b)(3) should apply in an
appeal from a contested revocation hearing. (5) However, in the present case, even if we had jurisdiction to address
appellant's remaining point, the record does not support appellant's contention. The trial court held a separate punishment
hearing immediately following the adjudication of guilt for all three offenses and appellant offered testimony in mitigation
of punishment. Appellant complains that he did not get a second chance to offer testimony at a subsequent sentencing
proceeding. The trial court only needs to afford a defendant an opportunity to present evidence in mitigation of
punishment sometime during the proceedings, either before the adjudication or after. See Pearson v. State, 994 S.W.2d
176, 176 (Tex. Crim. App. 1999). Appellant's right was satisfied when he was allowed to present evidence at the sentencing
hearing. Thus, even if we had jurisdiction to address this issue, we would find that it was without merit.

 This Court lacks jurisdiction to address any issue raised by appellant. We dismiss for want of jurisdiction.



ERRLINDA CASTILLO

Justice

 

Do not publish.

Tex. R. App. P. 47.3.



Opinion delivered and filed this

the 31st day of May, 2001.

1. Former Justice Maurice Amidei, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. Until recently, this Court held that a defendant could appeal the voluntariness of his plea in a plea bargained case,
notwithstanding a failure to comply with the requirements of rule 25.2(b)(3). See Marshall v. State, 28 S.W.3d 634, 637-38
(Tex. App.--Corpus Christi 2000, no pet.). The Texas Court of Criminal Appeals recently held that an appeal based on
voluntariness of the plea is not exempt from the notice requirements of rule 25.2(b)(3). See Cooper v. State, No. 1100-99,
slip op. at 12, 2001 Tex. Crim. App. LEXIS 25, at *16 (Tex. Crim. App. April 4, 2001). This holding abrogates our
contrary holding inMarshall. Accordingly, even if appellant had raised the voluntariness of his pleas of true in his appeal,
we would have no jurisdiction to hear such a claim. Moreover, such a claim on appeal in this case would also be prohibited
by the plain language of Texas Code of Criminal Procedure article 42.12, §5(b)(Vernon Supp. 2001).

3. Feagin, pursuant to a plea bargain, pled guilty to debit card abuse and was sentenced to five years probation. Feagin v.
State, 967 S.W.2d 417, 418 (Tex. Crim. App. 1998). Prior to her completion of the probationary term, her probation was
revoked and she was sentenced to two years imprisonment. Id.

4. The Feagin court noted, as we do above, that no appeal may be taken from the trial court's determination to adjudicate
guilt. Feagin, 967 S.W.2d at 419.

5. The court of criminal appeals will consider:



 1. Whether Texas Rule of Appellate Procedure 25.2(b)(3) should apply when a defendant

 is appealing from a contested probation revocation hearing; and



 2. Whether the filing of a motion for new trial is a prerequisite to presenting an issue on 

 appeal, when a defendant did not object at trial.