R00278.aa1



NUMBER 13-00-278-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________


NOE JAMES HERNANDEZ, Appellant,


v.


THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 36th District Court of Aransas County, Texas.

____________________________________________________________________



O P I N I O N

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Hinojosa


Appellant, Noe James Hernandez, was charged by indictment with aggravated assault for stabbing his ex-girlfriend. 
SeeTex. Pen. Code Ann. § 22.02(a) (Vernon 1994). Aggravated assault is a second-degree felony unless the defendant is a
public servant acting under color of office, the victim is a public servant lawfully discharging an official duty, or the assault
is committed in retaliation for the victim's acting as a witness, informant, or reporter of a crime. Tex. Pen. Code Ann. §
22.02(b) (Vernon 1994).

On April 25, 1995, pursuant to a plea bargain, appellant pleaded guilty to aggravated assault, a second-degree felony, and
the trial court assessed his punishment at ten years imprisonment and a $5,000 fine. The trial court's judgment, however,
showed appellant's conviction was for a first-degree felony. (1) The trial court subsequently granted appellant's motion for
shock probation, and he was placed on community supervision for ten years. 

On September 14, 1999, the State filed a motion to revoke appellant's community supervision. On March 21, 2000,
appellant pleaded true to three of the four allegations in the State's motion to revoke: (1) assaulting his current girlfriend;
(2) failing to pay supervisory fees; and (3) failing to make monthly payments toward his $5,000 fine and court costs.
Appellant denied the State's fourth allegation that he had committed the offense of indecency with a child. The trial court
admonished appellant that the range of punishment he would be facing, should it revoke his community service, would be
imprisonment of not less than two years or more than ten years. The trial court found that appellant had violated the
conditions of his community supervision by assaulting his girlfriend and by failing to pay his supervisory fees, fine and
court costs, and assessed his punishment at five years imprisonment and a $5,000 fine. The trial court's written judgment
and revocation order, dated March 21, 2000, inaccurately set forth the amount of jail time credited to appellant and
erroneously included a finding that appellant had violated the terms of his community supervision by committing the
offense of indecency with a child.

On May 5, 2000, appellant filed two motions for judgment nunc pro tunc, seeking to correct the trial court's judgments and
revocation order. On May 16, 2000, the trial court entered nunc pro tunc judgments and a nunc pro tunc revocation order,
showing that: (1) appellant was originally sentenced to ten years imprisonment and a $5,000 fine after pleading guilty to
aggravated assault, a second-degree felony; (2) his community supervision was revoked because he committed an assault
and failed to pay his supervisory fees, fine, and court costs; and (3) he was sentenced to five years' imprisonment and a
$5,000 fine for aggravated assault, a second-degree felony. Appellant was also given credit for the proper amount of jail
time. Appellant filed a timely pro se general notice of appeal.

A. Error in the Original Sentence

In his first issue, appellant contends the trial court erred in entering the original judgment that appellant's conviction was for
a first-degree felony. (2)

When a defendant pleads guilty and is sentenced pursuant to a plea bargain, he must file a notice of appeal that alleges the
appeal is for a jurisdictional defect, that the substance of the appeal was raised by written motion and ruled on before trial,
or that the trial court granted him permission to appeal. Tex. R. App. P. 25.2(b)(3); Feagin v. State, 967 S.W.2d 417, 419
(Tex. Crim. App. 1998). Appellant has failed to comply with these requirements. Therefore, this Court does not have
jurisdiction to review any issue concerning the original judgment. (3)

 Appellant's first issue is overruled.

B. Error in the Revocation Order and Sentence 

In his second and third issues, appellant complains that the trial court erred in entering the March 21, 2000 judgment which
shows that appellant committed the offense of aggravated assault, a first-degree felony, and included a finding that
appellant had violated the terms of his community supervision by committing the offense of indecency with a child.
Appellant contends he was harmed because his "status and classification [within the prison system] have already been
adversely affected as to his placement within the prison system as well as his eligibility for Parole."

The special notice requirements of rule 25.2(b)(3) do not apply to an appeal from a revocation of community supervision.
Feagin, 967 S.W.2d at 419; Mitich v. State, No. 13-00-257-CR, 2001 Tex. App. LEXIS 3024, *5-*6 (Tex. App.-Corpus
Christi May 3, 2001, no pet.). Therefore, appellant's general notice of appeal is sufficient to confer jurisdiction on this
Court as to his appeal from the revocation of his community supervision.

The State concedes that both the original judgment and the revocation order and judgment were erroneous. However, the
State contends the trial court corrected the errors by entering a judgment nunc pro tunc.

A trial court may correct a clerical error in a judgment of a criminal case by a judgment nunc pro tunc. See State v. Bates,
889 S.W.2d 306, 309 (Tex. Crim. App. 1994); see also Tex. R. App. P. 23. The trial court may do so after expiration of its
plenary power. Bates, 889 S.W.2d at 309.

The corrected judgments reflect that: (1) appellant was convicted for aggravated assault, a second-degree felony; (2)
appellant's community supervision was revoked after he violated the terms of his community supervision by committing an
assault and by failing to pay his supervisory fees, fine, and court costs; (3) upon revocation, appellant was sentenced to five
years imprisonment and a $5,000 fine; and (4) appellant was given credit for the proper amount of jail time. We hold the
trial court effectively corrected its mistakes, leaving nothing for our review. Appellant's second issue is overruled. 

Regarding appellant's claim that the mistakes in the original sentence and revocation order and sentence have adversely
affected him in prison, we conclude this Court does not have jurisdiction to address this issue at this time. Appellant has
not followed the proper administrative and legal procedures to vest this Court with jurisdiction over such claims.
Appellant's third issue is overruled.

In his fourth issue, appellant contends the nunc pro tunc judgments "still erroneously state a minimum sentence of five (5)
years rather than the correct two (2) year minimum sentence to be served." After reviewing the record, we conclude
thenunc pro tunc judgment correctly reflects the five-year sentence imposed on appellant by the trial court at the revocation
hearing. We hold there is no error. Appellant's fourth issue is overruled.

We dismiss for want of jurisdiction appellant's appeal of the trial court's original judgment and sentence. We affirm the
trial court's nunc pro tunc judgments and nunc pro tunc revocation order.



FEDERICO G. HINOJOSA

Justice





Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

9th day of August, 2001.

1. We note that appellant's original sentence fell within the proper range of punishment for a second-degree felony. The
range of punishment for a first degree felony is imprisonment for life, or for any term of not more than ninety-nine years or
less than five years, and a fine not to exceed $10,000. See Tex. Pen. Code Ann. § 12.32 (Vernon 1994). The range of
punishment for a second-degree felony is a term of imprisonment of not more than twenty years or less than two years, and
a fine not to exceed $10,000. See Tex. Pen. Code Ann. § 12.33 (Vernon 1994).

2. We note that the trial court corrected this error by a judgment nunc pro tunc, making this issue moot.

3. However, a challenge to a void judgment may be raised at any time. See Nix v. State, No. 793-00, 2001 Tex. Crim. App.
LEXIS 52, *6 (June 27, 2001)); see also Jordan v. State, Nos. 1929-99 and 1930-99, 2001 Tex. Crim. App. LEXIS 54, *3
(June 27, 2001). A judgment is void only in very rare situations, usually due to a lack of jurisdiction. Nix, 2001 Tex. Crim.
App. LEXIS 52 at *4; Jordan, 2001 Tex. Crim. App. LEXIS 54 at *3. While appellant may have been able to raise the
issue of the validity of the original judgment, he failed to vest this Court with jurisdiction to consider the issue by his
failure to file a notice of appeal meeting the requirements of Texas Rule of Appellate Procedure 25.2(b)(3).