**Ferrell Ray GOODWIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 10–00–285–CR.

Court of Appeals of Texas, Waco.

Aug. 31, 2001.

Discretionary Review Refused Dec. 19, 2001.

John M. Hurley, Waco, for appellant.

John W. Segrest, McLennan County District Attorney, James Wiley, McLennan County Asst. District Attorney, Waco, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

**OPINION**

DAVIS, Chief Justice.

Ferrell Ray Goodwin pleaded guilty to engaging in organized criminal activity. The court deferred an adjudication of guilt and placed him on community supervision for eight years. Five years later, the court adjudicated his guilt and sentenced him to eight years' imprisonment. Goodwin presents three issues in which he con-

tends: (1) the evidence is insufficient to support his guilty plea; (2) this Court should modify the judgment to reflect conviction of a lesser-included offense; and (3) this Court should reverse the judgment and remand this cause for a new punishment hearing.

The indictment alleges that on or about May 20, 1994 Goodwin committed the former offense of theft of property valued at $750 or more but less than $20,000 "with the intent to establish, maintain and participate in a combination and in the profits of a combination who collaborated in carrying on said criminal activity." *See* Act of May 27, 1985, 69th Leg., R.S., ch. 599, § 1, 1985 Tex. Gen. Laws 2244, 2245 (amended 1993) (current version at TEX. PEN.CODE ANN. § 31.03(e)(4)(A) (Vernon Supp.2001)); Act of May 27, 1991, 72d Leg., R.S., ch. 555, § 1, 1991 Tex. Gen. Laws 1968, 1969 (amended 1993) (current version at TEX. PEN.CODE ANN. § 71.02(a)(1) (Vernon Supp.2001)).[1]

Goodwin entered his guilty plea in May 1995. The court signed its order placing him on unadjudicated community supervision two months later. The State filed a motion to adjudicate in June 1999. Goodwin pleaded true to the allegations in the State's motion and presented testimony in hopes of having his unadjudicated status continued or being adjudicated and placed on "regular" (adjudicated) community supervision. The court adjudicated his guilt and sentenced him to eight years' imprisonment.

### THIS COURT'S JURISDICTION

Goodwin filed a general notice of appeal. The State contends that, because his notice of appeal does not comply with Rule of Appellate Procedure 25.2(b)(3), we do not have jurisdiction. *See Casas v. State,* 33 S.W.3d 874, 875 (Tex.App.—Waco 2000, pet. ref'd) (citing *Watson v. State,* 924 S.W.2d 711, 714–15 (Tex.Crim.App.1996)). However, the Court of Criminal Appeals has recently limited *Watson.*

■ In *Vidaurri v. State,* the Court determined that Rule 25.2(b)(3) does not apply to issues raised in a post-adjudication appeal which are "unrelated to [the] conviction." 49 S.W.3d 880, 884 (Tex.Crim. App.2001) (quoting *Feagin v. State,* 967 S.W.2d 417, 419 (Tex.Crim.App.1998)). Logically then, the rule continues to apply to "conviction-related" issues. *Cf. id.*

### GOODWIN'S ISSUES

In his first issue, Goodwin questions the sufficiency of the evidence to support his conviction for engaging in organized criminal activity under a case the Court of Criminal Appeals decided four years after the trial court found that the evidence "substantiates [his] guilt." Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 4.01, sec. 5(a), 1993 Tex. Gen. Laws 3586, 3719 (amended 1995) (current version at TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp.2001)). In *Nguyen v. State,* the Court held that a defendant cannot be convicted of engaging in organized criminal activity if he and his "co-conspirators" agreed to commit only one crime. 1 S.W.3d 694, 697 (Tex.Crim.App.1999).

■ Goodwin's first issue is clearly "conviction-related." In the event of a favorable holding in connection with his first issue, he asks that we modify the judgment to reflect a conviction for the lesser-included offense of theft over $750 but under $20,000. Thus, his second issue is also related to the conviction. He re-

---

1. Although both statutes were amended in 1993, almost a year before Goodwin committed the instant offense, the amendments did not take effect until September 1, 1994. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.19, 1993 Tex. Gen. Laws 3586, 3705.

quests in his third issue that we remand this cause for a new punishment hearing in the event that we modify the judgment from the second-degree organized crime conviction to the third-degree theft offense.

Because Goodwin's first and second issues are "conviction-related" and because he filed a general notice of appeal, we do not have jurisdiction to decide these issues.[2] *See Casas,* 33 S.W.3d at 875; *cf. Vidaurri,* 49 S.W.3d at 884. Goodwin's third issue depends on a favorable disposition of his first two issues. Because we do not have jurisdiction to decide the first two issues, we need not address his third issue.

We dismiss Goodwin's appeal for want of jurisdiction.

---

2. Goodwin is not necessarily without a remedy. *See Olowosuko v. State,* 826 S.W.2d 940, 942 n. 2 (Tex.Crim.App.1992) (Overstreet, J. concurring); *Kendall v. State,* 929 S.W.2d 509, 510 (Tex.App.—Fort Worth 1996, pet. ref'd).