NO. 07-01-0208-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 7, 2001
_____

RENE CARDONA,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B13652-0002; HON. EDWARD L. SELF, PRESIDING
_____

Before BOYD, C.J., QUINN AND JOHNSON, J.J.

Rene Cardona, appellant, appeals from a judgment revoking his community supervision and sentencing him to prison. Through his sole point of error, he contends the trial court lacked jurisdiction to convict him of the offense of indecency with a child by exposure. This is allegedly so because the offense was not a lesser included offense of the one charged in the indictment, *i.e.*, sexual assault of a child. We dismiss the appeal.

Appellant was charged by indictment with the offense of sexual assault of a child. Pursuant to a plea agreement, however, he pled guilty to the offense of indecency, as

mentioned above. Furthermore, the trial court levied sentence, suspended same, and placed him on community supervision in accordance with the plea agreement. Thereafter, the state moved to revoke his community supervision, which motion the court granted. Appellant subsequently filed a general notice of appeal and an appellant's brief. And, as mentioned above, he questions the trial court's authority to convict him of the crime it did.

Because appellant pled guilty in accordance with a plea bargain, the punishment levied by the trial court did not exceed that agreed to in the bargain, and appellant effectively attacks his conviction by contending that the court lacked jurisdiction to convict him, he was obligated to file a notice of appeal in conformance with Texas Rule of Appellate Procedure 25.2(b)(3). *Vidaurri v. State*, 49 S.W.3d 880, 884 (Tex. Crim. App. 2001), citing *Feagin v. State*, 967 S.W.2d 417, 419 (Tex. Crim. App. 1998) (holding that appeals of issues relating to the conviction are limited by Rule 40(b)(1), now Rule 25.2(b)(3)). This he did not do. Nor did he amend his notice prior to the time he filed his brief. *See* TEX. R. APP. PROC. 25.2(d) (stating that one may amend his notice at any time before the appellant's brief is filed). Consequently, our jurisdiction to address the contention posed by appellant has not been invoked.[1]

Accordingly, we dismiss this appeal for want of jurisdiction.

Per Curiam

Do Not Publish.

---

[1]This court is aware that in a recent Court of Criminal Appeals decision, the court determined that jurisdiction may be raised on appeal after probation is revoked. *See Nix v. State*, No. 793-00, slip op. at 4, 2001 WL 717453, at *2 (Tex. Crim. App. June 27, 2001). However, we do not read *Nix* as relieving the appellant from having to comply with Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure.