NO. 07-02-0023-CR
NO. 07-02-0024-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 25, 2002

_____


ANTONIO WILSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 252ND DISTRICT COURT OF JEFFERSON COUNTY;

NOS. 74285 AND 78058; HONORABLE LARRY GIST, JUDGE

_____

Before QUINN and REAVIS, JJ., and BOYD, SJ.[1]


In these appeals, Antonio Wilson challenges the revocation of his probation granted

after his 1997 conviction for possession of a controlled substance and his 1998 conviction

of unlawful possession of a firearm by a felon following guilty pleas pursuant to plea

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2002).

bargain agreements in which he was sentenced to two years in the state jail, probated for four years, and a fine of $500 for the possession of a controlled substance offense and five years in the Institutional Division of the Department of Criminal Justice, probated for five years, and a $1,000 fine for the unlawful possession of a firearm offense. No appeal was brought from those convictions at the time of their entry. In March 2001, the State filed second amended motions to revoke probation alleging 12 violations of probation. At a hearing on October 23, 2001, appellant pled "not true" to counts 1, 2, 3, 4, 5, 9, 10, and 11 of the motions to revoke. He pled "true" to count 6 of the motions, and counts 7, 8, and 12 were dismissed by the State.

Count 3 of the motions was an allegation that appellant had committed the offense of aggravated assault on September 6, 2000. On the same day that appellant pled "not true" to the allegation, he went to trial on that offense. After the jury returned its verdict of guilt, the court found the allegation in count 3 to be true and granted the motions to revoke probation. On November 26, 2001, the court ordered appellant to serve two years in a state jail for possession of a controlled substance and five years in the Department of Criminal Justice for unlawful possession of a firearm, with the sentences to run concurrently. Appellant filed general notices of appeal.

Appellant's appointed counsel has now filed motions to withdraw, together with *Anders* briefs. *See Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In those briefs, she certifies that after careful examination of the record, she

is convinced that it does not reveal any reversible error. Included with the briefs are motions to withdraw and a statement, supported by a copy of a letter to appellant, that she has notified him of his right to file a brief on his own behalf. This court also notified appellant by letter dated July 3, 2002, that he had until August 5, 2002, to file a response to the briefs and motions of his counsel. No response has been received. Upon the filing of an *Anders* brief, we must satisfy ourselves that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal and then determine whether counsel has correctly concluded the appeal is frivolous. *See McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); *High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

Appellant's counsel asserts that there is no merit in the appeals because, in accordance with Texas Rule of Appellate Procedure 25.2(b)(3), when an appeal is from a judgment rendered on a plea of guilt and the punishment assessed does not exceed that recommended by the prosecutor and agreed to by the defendant, the notice must specify that the appeal is for a jurisdictional defect, specify that the substance of the appeal was raised by written motion and ruled on before trial, or state that the trial court granted permission to appeal. However, it has been held that the requirements of Rule 25.2 do not apply to an appeal of a probation revocation involving "regular" probation, even when the probation was the result of a guilty plea. *See Feagin v. State,* 967 S.W.2d 417, 419 (Tex.Crim.App. 1998). Nevertheless, a defendant placed on "regular" community supervision may raise issues relating to his conviction only in appeals taken when the

3

community supervision is originally imposed. *Manuel v. State,* 994 S.W.2d 658, 661 (Tex.Crim.App. 1999). The only exceptions are when the judgment is void and when a writ of habeas corpus is litigated at the revocation proceeding. *Nix v. State,* 65 S.W.3d 664, 667-69 (Tex.Crim.App. 2001). There is no evidence of either of these situations in the record.

Therefore, on appeal we are limited to determining whether the trial court abused its discretion in revoking probation. *Cardona v. State,* 665 S.W.2d 492, 493 (Tex.Crim. App. 1984). An abuse of discretion only occurs "when the trial court's decision was so clearly wrong as to lie outside the zone within which reasonable persons might disagree." *Cantu v. State,* 842 S.W.2d 667, 682 (Tex.Crim.App. 1992), *cert. denied,* 509 U.S. 926, 113 S.Ct. 3046, 125 L.Ed.2d 731 (1993). Proof that any one condition of community supervision was violated is sufficient to affirm an order revoking probation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979). Appellant pled true to one count of the motions to revoke probation and, after a jury verdict, was convicted of another count.[2]

We have also made an independent examination of the record to determine whether there are any arguable grounds which might support the appeals. *See Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). Finding none, we agree that the appeals are without merit and are frivolous. *Currie v. State,* 516 S.W.2d 684 (Tex.Crim.App. 1974).

---

[2]We have affirmed that conviction on appeal. *See Wilson v. State,* No. 07-01-0025-CR, slip op. (Tex.App.--Amarillo September 25, 2002).

4

Accordingly, the motions to withdraw are granted, and the judgments are affirmed.


John T. Boyd
Senior Justice

Do not publish.