NO. 07-02-0432-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 10, 2003

_____

BRETT MORGAN TURNER,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 41,584-E; HON. ABE LOPEZ, PRESIDING

_____

Before QUINN, REAVIS, and CAMPBELL, JJ.

Appellant Brett Morgan Turner appeals from an order revoking his community supervision. In doing so, he contends the trial court erred in failing to inquire into his competency to stand trial. We affirm the judgment of the trial court.

### *Background*

Appellant was indicted for the offense of possession of a controlled substance in an amount of less than one gram. He pled guilty, and on April 26, 2000, the trial court deferred adjudication and placed him on community supervision for two years. In July

2001, the State filed a motion to proceed with adjudication of guilt because of appellant's violation of the terms of his community supervision. On November 15, 2001, the trial court adjudicated appellant's guilt and sentenced him to two years in a state jail facility but suspended the sentence and placed him on community supervision for five years. Subsequently, the State filed a motion and then amended motions to revoke the community supervision. At the hearing, the State dropped one of the alleged violations, and appellant pled true to the remaining violations. The trial court then revoked appellant's community supervision and sentenced him to 20 months in a state jail facility.[1]

### *Competency*

In his sole issue, appellant contends the trial court erred in failing to conduct an inquiry into his competency to stand trial during the hearing on the revocation of his probation when there was evidence that he suffered from schizophrenia. We overrule the issue.

A person is incompetent to stand trial if he does not have 1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or 2) a rational as well as factual understanding of the proceedings against him. TEX. CODE CRIM. PROC. ANN. art. 46.02 §1A(a) (Vernon Supp. 2003). If, during trial, evidence of the defendant's incompetency is brought to the attention of the trial court from any source, the

---

[1]The State raises the issue whether this court has jurisdiction of the appeal since appellant filed a general notice of appeal. However, the appeal is limited to a single issue which is unrelated to his conviction. *See Woods v. State,* 68 S.W.3d 667, 669 (Tex. Crim. App. 2002); *Feagin v. State,* 967 S.W.2d 417, 419 (Tex. Crim. App. 1998). Therefore, appellant may appeal from the order revoking his probation without having to meet the requirements of Rule of Appellate Procedure 25.2(b)(3) as it was in effect at the time this notice of appeal was filed in October 2002. *See Feagin v. State,* 967 S.W.2d at 419 (holding that Rule 40(b)(1), the predecessor to the version of Rule 25.2 in effect for this appeal, is inapplicable to appeals attacking the propriety of an order revoking probation).

court must conduct a hearing to determine whether there is evidence to support a finding of incompetency to stand trial.[2] *Id.* §2(b) (Vernon 1979). A trial court should conduct a §2(b) competency inquiry *sua sponte* only if the evidence brought to the trial court's attention raises a bona fide doubt in the mind of the judge as to the defendant's competency to stand trial. *Alcott v. State,* 51 S.W.3d 596, 601 (Tex. Crim. App. 2001). Moreover, only after such inquiry is the court required to determine whether there is evidence to support a finding of incompetency which would then require a competency hearing before a jury. *Id.* Generally, bona fide doubt exists only if the evidence indicates recent severe mental illness, moderate mental retardation, or truly bizarre acts by the defendant. *McDaniel v. State,* No. 744-02, 2003 Tex. Crim. App. LEXIS 45, slip. op. at 1 (Tex. Crim. App. Feb. 26, 2003); *Alcott v. State,* 51 S.W.3d at 599 n.10; *Reeves v. State,* 46 S.W.3d 397, 399 (Tex. App.—Texarkana 2001, pet. dism'd).

In this instance, appellant testified that he had been diagnosed in the past with schizophrenia for which he had been prescribed medication but which he was not taking. He also stated he had been in the Pavilion mental health facility seven or eight times and in a state mental hospital one time. Appellant's mother additionally testified that he had been a paranoid schizophrenic "[o]n and off . . . for the last 15 years" and that when he did not take his medication, he "does not remember what he has done," and "does not sleep."

Evidence of prior hospitalization and treatment for depression or mental impairment

---

[2] A probation revocation hearing is a trial for purposes of competency issues. *Thompson v. State,* 654 S.W.2d 26, 28 (Tex. App.--Tyler 1983, no pet.) (holding that due process requires that no person shall have his probation revoked while incompetent); *see also Reeves v. State,* 46 S.W.3d 397, 399 (Tex. App.--Texarkana 2001, pet. dism'd) (the court addressed the trial court's failure to conduct a competency hearing with respect to the revocation of the defendant's probation).

does not require a competency hearing when there is no evidence that the defendant is incapable of consulting with counsel or understanding him. *Moore v. State,* 999 S.W.2d 385, 395 (Tex. Crim. App. 1999), *cert. denied,* 530 U.S. 1216, 120 S.Ct. 2220, 147 L.Ed.2d 252 (2000). Nor does the fact that the accused, at one time in the past, was diagnosed as a schizophrenic obligate the court to inquire into his current competency. *Lingerfelt v. State*, 629 S.W.2d 216, 217 (Tex. App.–Dallas 1982, pet. ref'd). Similarly, the decision to abstain from taking medication prescribed to ameliorate a mental condition does not trigger a duty to inquire, absent evidence of recent manifestation of the mental condition.[3] Again, evidence of recent severe mental illness, bizarre acts, or mental retardation must exist. *Moore v. State*, 999 S.W.2d at 395. And, that is lacking at bar.

Instead, the record shows that despite his purported schizophrenia, appellant was quite lucid and direct when responding to questions from his counsel and the prosecutor. His answers were not only appropriate to the question but also indicative of intelligence. Clear, lucid testimony is an important factor in determining competency. *McDaniel v. State,* slip op. at 16. Indeed, at times he perceived inaccuracies in the questions he was being asked and corrected both his own attorney and the prosecutor. And, while appellant characterizes that conduct as suggestive of confusion and an inability to "follow[] the questions posed," it actually portrays comprehension, analysis, and independence of thought. When those characteristics are deemed to evince incompetency is when we are doomed.

---

[3]This is particularly so when the only testimony as to appellant's behavior when he failed to take his medicine was that he did not sleep and did not always remember what he had done.

In sum, no evidence within the category required by *McDaniel* and *Moore* appears of record. Since nothing was before the trial court sufficient to raise a bona fide doubt as to appellant's competency, it did not err in failing to inquire into the matter. Accordingly, the issue is overruled, and the judgment of the trial court is affirmed.


Brian Quinn
Justice


Do not publish.