Pedro Antonio Lopez

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-094-CR

PEDRO ANTONIO LOPEZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 43
RD
 DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Pursuant to a plea bargain, Appellant Pedro Antonio Lopez pled guilty to the offense of burglary of a habitation, a second degree felony,
(footnote: 2) and the trial court convicted and sentenced him to ten years’ confinement, probated for ten years.  Less than two months later, the State filed a petition to revoke Appellant’s probated sentence, alleging that he had violated his conditions of probation by, among other acts and omissions, failing to register as a sex offender, committing criminal trespass, using alcohol, and failing to pay probation fees and court costs.  Pursuant to a plea bargain, Appellant pled true to every allegation and was sentenced to eight years’ confinement in the Institutional Division of the Texas Department of Criminal Justice, which was within the range of punishment.
(footnote: 3)
 Appellant signed a waiver of appeal, which was admitted into evidence without objection, and the trial court noted on the judgment that Appellant waived his notice of appeal in open court.  Appellant filed a pro se notice of appeal, and the trial court denied permission to appeal in a written order.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in her professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
(footnote: 4) by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.

Once Appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record and to essentially rebrief the case for Appellant to see if there is any arguable ground that may be raised on his behalf.
(footnote: 5)
 Article 42.12, section 23(b) affords a defendant an unrestricted right to appeal from an order revoking regular community supervision, even if that community 
supervision was a result of a plea bargain.
(footnote: 6)  
But at this stage, a defendant may generally not raise issues related to his conviction and punishment resulting from his original plea; he may appeal only the revocation.
(footnote: 7) 
The only exception to this rule is the “void judgment” exception.
(footnote: 8) 
 As the Texas Court of Criminal Appeals has explained: 

A judgment of conviction for a crime is void when (1) the document purporting to be a charging instrument (i.e. indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, thus the trial court has no jurisdiction over the defendant, (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law, (3) the record reflects that there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived, in violation of 
Gideon v. Wainwright
.
(footnote: 9)

Our review of the record reveals no jurisdictional defects.  The trial court had jurisdiction over this case.
(footnote: 10)  Further, the indictment sufficiently conferred jurisdiction on the trial court and provided Appellant with sufficient notice.
(footnote: 11) The record demonstrates that there was evidence to support the conviction.  Appellant’s signed judicial confession was admitted into evidence.
(footnote: 12)  Finally, the record shows that Appellant had counsel for the proceedings.  We conclude that the “void judgment” exception does not apply to Appellant; Appellant can therefore at most complain about the revocation.  If, however, Appellant’s waiver of appeal is valid, he cannot raise a complaint about the revocation on appeal.

This court provided Appellant the opportunity to file a pro se brief, but he has not done so.  His pro se notice of appeal, however, claims that he did not understand the proceedings in the trial court and needed a Spanish-speaking attorney.  In the interest of justice, we will treat this complaint as a complaint about the voluntariness of his waiver.

A defendant in a noncapital case may waive any right secured him by law, including his right to appeal.
(footnote: 13)  Such a waiver is valid if the defendant is fully aware of the consequences of his waiver; that is, if the waiver is voluntary, knowing, and intelligent.
(footnote: 14)  When the record contains prima facie evidence that a waiver of appeal is valid, then the burden shifts to the defendant to prove otherwise.
(footnote: 15)  Appellant signed the written plea admonishments after this sentence: 

I, the above named defendant, hereby state that I have read each and every paragraph above (or if unable to read English, have had same read to me) and I fully understand each and every paragraph and am aware of the consequences of my plea.

Appellant also signed the judicial confession and written waiver.  Paragraph 1 provides:

I am able to read the English language.  I fully understand each of the admonishments given by the Court in the document entitled WRITTEN PLEA ADMONISHMENTS FOR MOTION TO REVOKE COMMUNITY SUPERVISION OR PETITION TO PROCEED TO ADJUDICATION and have no questions about the admonishments contained therein.  If I am unable to read the English language, then my attorney or an interpreter for my attorney has read this entire document to me in my own language and I fully understand each of the written plea admonishments and have no questions about them.

Paragraph 4 provides: “I am aware of the consequences of my plea, am mentally competent to enter such plea, and my plea is made freely, knowingly and voluntarily.”  Appellant’s trial counsel joined the waiver, and the trial court expressly found that Appellant was fully competent, that he understood the waiver, and that his plea was free and voluntary.  The trial court also asked Appellant in open court if he understood, spoke, and read the English language; Appellant answered, “Yes.”

Additionally, the record contains an affidavit by Appellant’s trial counsel at guilt-innocence, Ben Akers, filed about two months before Appellant signed the written plea admonishments in the revocation.  Mr. Akers stated:

I do not speak Spanish.  I do not recall having any problems communicating with Pedro Lopez in English.  I do not recall him giving any indication that he did not speak and/or understand English.  In criminal cases, it is my practice to request an interpreter if I have any reason to believe that my client does not speak or understand English well enough to comprehend and understand my communications with him and the court proceedings.  From my dealings with Pedro Lopez, I was satisfied that he spoke and understood English and that an interpreter was not necessary.

Finally, both the notice of appeal and later documents filed in this court are handwritten in English and signed by Appellant.  

We conclude that the record contains ample evidence that Appellant understands English.  The record contains no evidence that he does not; Appellant has consequently failed to meet his burden of negating the validity of his waiver of appeal.  Because Appellant’s waiver of appeal is valid and the trial court refused to give him permission to appeal, Appellant is foreclosed from bringing complaints on appeal.
(footnote: 16)
 After independently reviewing the record, we therefore agree with appellate counsel’s determination that any appeal from this case would be frivolous.  Accordingly, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, J.; CAYCE, C.J.; and DAY, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  August 7, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Penal Code Ann.
 § 30.02 (Vernon 2003).

3:
See id.
 § 12.33.

4:
386 U.S. 738, 87 S. Ct. 1396 (1967).

5:
Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

6:
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 23(b) (Vernon Supp. 2003); 
see Feagin v. State
, 967 S.W.2d 417, 419 (Tex. Crim. App. 1998).

7:
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 23(b).

8:
Corley v. State
, 782 S.W.2d 859, 860 n.2 (Tex. Crim. App. 1989); 
Gonzales v. State
, 723 S.W.2d 746, 747 n.3 (Tex. Crim. App. 1987).

9:
Nix v. State
, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001).

10:
See
 Tex. Code Crim. Proc. Ann.
 art. 4.05.

11:
See
 Tex. Const. 
art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

12:
See Dinnery v. State,
 592 S.W.2d 343, 353 (Tex. Crim. App. 1979) (holding that after a guilty plea, a judicial confession admitted into evidence is sufficient alone to support a conviction).

13:
Tex. Code Crim. Proc. Ann.
 art. 1.14(a).

14:
Monreal v. State
, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003).

15:
See Ex parte Tabor
, 565 S.W.2d 945, 946 (Tex. Crim. App. 1978); 

Perez v. State
,
 885 S.W.2d 568, 570-71 (Tex. App.—El Paso 1994, no pet.).

16:
Monreal
, 99 S.W.3d at 622.