# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00832-CR

**Alex Garcia, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT OF SAN SABA COUNTY
### NO. 6,856, HONORABLE BYRON THEODOSIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On February 21, 2003, appellant Alex Garcia pleaded guilty and was convicted by the court of driving while his license was suspended. Pursuant to a plea bargain, Garcia was sentenced to ten days in jail and a $100 fine, but imposition of sentence was suspended and Garcia was placed on probation. As part of the bargain, Garcia waived his right of appeal.

On December 20, 2004, the county court revoked probation and imposed sentence following a hearing on the State's motion. Garcia filed his notice of appeal the same day. This Court was first notified of the appeal on December 28, 2005, when the clerk's record was received. On January 10, 2006, the Court received a supplemental clerk's record containing the trial court's certification stating that this is a plea-bargain case and Garcia has no right of appeal and that Garcia waived the right of appeal. *See* Tex. R. App. P. 25.2(d).

If a defendant plea bargains for probation, the right to appeal the conviction is limited by rule 25.2(a)(2). *Feagin v. State*, 967 S.W.2d 417, 419 (Tex. Crim. App. 1998) (applying predecessor rule). But rule 25.2(a)(2) does not apply to an appeal from an order revoking probation. *Id*. Even if a defendant plea bargains for probation, an appeal from an order revoking that probation is not a plea-bargain case. Thus, while the trial court's certification would have been correct if Garcia had sought to appeal his original conviction, the plea bargain and waiver of appeal do not limit Garcia's right of appeal from the revocation order.

For these reasons, the trial court's certification of Garcia's right of appeal is incorrect and therefore defective. *See Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005). The appeal is abated so the county court can prepare a corrected certification of appeal stating that this is not a plea-bargain case and the defendant has the right of appeal. A supplemental clerk's record containing the corrected certification shall be tendered for filing no later than February 24, 2006.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Filed: February 14, 2006

Do Not Publish