# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00012-CR

**Ediberto Barbosa Gaona, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
### NO. D-1-DC-04-204017, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Ediberto Barbosa Gaona timely filed a pro se notice of appeal after the trial court revoked the community supervision granted following Gaona's 2005 driving while intoxicated conviction and imposed sentence. The court has certified that this is a plea-bargain case and Gaona has no right of appeal.

If a defendant plea bargains for community supervision, rule 25.2(a)(2) restricts the right of appeal from the conviction, but it does not restrict the defendant's right of appeal following a subsequent revocation of supervision. Tex. R. App. P. 25.2(a)(2); *Feagin v. State*, 967 S.W.2d 417, 419 (Tex. Crim. App. 1998). This is true even if the defendant pleaded "true" to the allegations in the motion to revoke because rule 25.2(a)(2) refers only to plea bargains with regard to pleas of guilty and no contest. *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005); *see also Gutierrez v. State*, 108 S.W.3d 304-309-10 (Tex. Crim. App. 2003) (holding that plea bargain

recommendation is not binding on trial court at revocation hearing). We cannot determine from the documents forwarded to this Court with the notice of appeal whether the plea bargain referred to in the trial court's certification was at the original trial or at the revocation hearing, but in either event, it does not restrict Gaona's right to appeal the revocation order.

The appeal is abated. The trial court is instructed to prepare and file an amended certification reflecting that this is not a plea-bargain case, and the defendant has the right of appeal. *Dears*, 154 S.W.3d at 614. If Gaona is indigent, the court shall appoint counsel and order the preparation of a free appellate record. A copy of the amended certification and of the order appointing counsel, if made, shall be forwarded to the Clerk of this Court no later than January 31, 2007.

_____

Diane Henson, Justice

Before Chief Justice Law, Justices Puryear and Henson

Filed: January 16, 2007

Do Not Publish

2