# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00012-CR

**Ediberto Gaona, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT NO. 2044017, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Ediberto Gaona was convicted of felony driving while intoxicated after he pleaded guilty. Pursuant to a plea bargain, he was sentenced to six years in prison but placed on community supervision for four years. One year later, Gaona pleaded true to the violations of supervision alleged in a motion to revoke. The court revoked supervision and, apparently pursuant to another plea bargain, imposed a three-year sentence. Gaona timely filed a pro se notice of appeal and a motion for appointment of counsel supported by an affidavit of indigence.

The notice of appeal was forwarded to this Court together with the trial court's certification that this is a plea-bargain case and Gaona has no right of appeal. On January 16, 2007, this Court abated the appeal with an opinion explaining that if a defendant plea bargains for community supervision, rule 25.2(a)(2) restricts his right of appeal from the conviction, but the rule does not restrict his right of appeal following a later revocation of supervision.

Tex. R. App. P. 25.2(a)(2); *Feagin v. State*, 967 S.W.2d 417, 419 (Tex. Crim. App. 1998). The opinion also explained that rule 25.2(a)(2) applies only to bargained pleas of guilty or no contest and, therefore, does not restrict the right of appeal following a plea of true at a revocation hearing. *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). "Regardless of whether a court feels that a defendant should be 'bound' by an agreement on a plea of true, the plain language of Rule 25.2(a)(2) does not contemplate that situation." *Id.* The abatement opinion instructed the trial court to file an amended certification stating that this is not a plea-bargain case, and the defendant has the right of appeal. The court was also instructed to appoint counsel if it determined that Gaona is indigent. This was to be done no later than January 31, 2007.

The trial court filed an amended certification that substantially complies with the Court's instruction. We are informed, however, that no action has been taken with respect to an attorney.

We understand the trial court's frustration at having to go to the trouble and expense of conducting an indigency hearing and/or appointing counsel in this case. The entire revocation proceeding is contained in a two-page reporter's record. It is unlikely that any arguable ground for appeal will be found by counsel. Nevertheless, Gaona has the right of appeal and he has exercised it. If Gaona is indigent, he is entitled to the assistance of appointed counsel on appeal. Tex. Code Crim. Proc. Ann. art. 1.051(d)(1) (West 2005).

The appeal is abated once again. The district court is ordered to appoint counsel to represent Gaona in this appeal unless the fact of Gaona's indigence is disputed. If there is a question as to Gaona's indigence, the court shall conduct a hearing pursuant to rule 20.2.

Tex. R. App. P. 20.2. A copy of all findings and orders, and a transcription of the court reporter's notes if a hearing is held, shall be forwarded to the clerk of this Court in a supplemental record no later than April 27, 2007.

_____

Diane Henson, Justice

Before Chief Justice Law, Justices Puryear and Henson

Filed:   March 29, 2007

Do Not Publish