# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00208-CR

**David Anthony Johnson, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
## NO. 2043977, HONORABLE BOB PERKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

David Johnson seeks to appeal an order revoking community supervision. The court has certified that this is a plea-bargain case and Johnson has no right of appeal.

If a defendant plea bargains for community supervision, rule 25.2(a)(2) restricts the right of appeal from the conviction, but it does not restrict the right of appeal following a subsequent revocation of supervision. Tex. R. App. P. 25.2(a)(2); *Feagin v. State*, 967 S.W.2d 417, 419 (Tex. Crim. App. 1998). This is true even if the defendant pleaded "true" to the allegations in the motion to revoke, because rule 25.2(a)(2) refers only to plea bargains with regard to pleas of guilty and no contest. *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005); *see also Gutierrez v. State*, 108 S.W.3d 304, 309-10 (Tex. Crim. App. 2003) (holding that plea bargain recommendation is not binding on trial court at revocation hearing). We cannot determine from the documents forwarded to this Court with the notice of appeal whether the plea bargain referred to in the trial

court's certification was at the original trial or at the revocation hearing, but in either event, it does not restrict Johnson's right of appeal from the revocation order.

The appeal is abated. The trial court is instructed to prepare and file an amended certification reflecting either that this is not a plea-bargain case and the defendant has the right of appeal, or, if applicable, that the defendant waived the right of appeal. *Dears*, 154 S.W.3d at 614. If Johnson is indigent and there was no waiver, the court shall appoint counsel and order the preparation of a free appellate record. A copy of the amended certification and of the order appointing counsel, if made, shall be forwarded to the clerk of this Court no later than May 18, 2007.

_____

Diane Henson, Justice

Before Chief Justice Law, Justices Puryear and Henson

Abated

Filed: May 4, 2007

Do Not Publish

2