header.ag1



NUMBERS 13-00- 146-CR, 13-00-147-CR & 13-00-148-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________

JUSTIN SMITH, Appellant,


v.


THE STATE OF TEXAS, Appellee.

__________________________________________________________________


On appeal from the 130th District Court

of Matagorda County, Texas.

__________________________________________________________________


O P I N I O N

Before Justices Hinojosa, Castillo and Amidei (1)

Opinion by Justice Castillo 



The original opinion in this case (2) is withdrawn and the following opinion substituted as the opinion of the Court.

This is an appeal of the revocation of appellant Justin Smith's community supervision in three cases. Smith pled guilty to
the offenses of burglary of a habitation, burglary of a building and forgery. Pursuant to a plea bargain, he was placed on ten
years deferred adjudication on the burglary of a habitation charge and five years deferred adjudication on each of the two
remaining charges in June of 1999. Motions to revoke probation and adjudicate guilt were subsequently filed in all three
cases and, at the hearing on the motions, Smith pled not true to all the allegations therein. After hearing evidence, the trial
court revoked his community supervision in all three cases, adjudicated his guilt, and assessed one sentence of ten years
incarceration in the penitentiary and two sentences of two years incarceration in a state jail, all running concurrently.

Appellant raises five points of error. His first, third, fourth and fifth points of error complain of the trial court's finding that
he violated his probation and adjudicating his guilt. It is well settled that no appeal may be taken of a trial court's
determination to adjudicate guilt. Tex. Code Crim. Proc. Ann. art. 42.12, §5(b)(Vernon Supp. 2001); Phynes v. State, 828
S.W.2d 1, 2 (Tex. Crim. App. 1992). We therefore have no jurisdiction to address appellant's first, third, fourth, and fifth
points of appeal.

A defendant does have a limited right to challenge errors made following a determination to adjudicate, including whether
he was granted an opportunity to present evidence in mitigation of punishment. See Issa v. State, 826 S.W.2d 159, 161
(Tex. Crim. App. 1992). In his sole remaining point, appellant claims that he was denied such an opportunity. Appellant
filed a general notice of appeal in this case. In its recent decision in Vidaurri v. State, the court of criminal appeals has
decided that a general notice of appeal is sufficient to invoke an appellate court's jurisdiction over the type of claim raised
by appellant. Vidaurri v. State, No. 151-99, 2001 Tex. Crim. App. LEXIS 50, at *13( Tex. Crim. App. June 20, 2001). In
Vidaurri, the court of criminal appeals considered whether a general notice of appeal sufficed when the claim on appeal
was that the defendant was denied his right to a punishment hearing prior to sentencing following his adjudication at a
revocation hearing on his deferred adjudication probation. Applying its analysis from Feagin v. State, 967 S.W.2d 417
(Tex. Crim. App. 1998), to appeals of revocations of deferred adjudication probation, the court held that Texas Rule of
Appellate Procedure 25.2(b)(3) limitations do not apply in appeals where the appellant does not challenge his conviction
but rather "challenges the process by which he was sentenced, an issue 'unrelated to [his] conviction'." Vidaurri, 2001 Tex.
Crim. App. LEXIS 50, at *13 (citing Feagin v. State, 967 S.W.2d 417, 419 (Tex. Crim. App. 1998)). Appellant in the
present case likewise challenges the process by which he was sentenced and thus his general notice of appeal is sufficient to
confer jurisdiction on this Court and we review his claim.

Despite appellant's claim that he was denied an opportunity to present evidence or argument relating to punishment after a
finding of guilt, the record in the present case indicates that he, in fact, had and exercised such opportunity. The record
reflects that on February 3, 2000, the trial court, after finding the allegations in the State's motion to revoke to be true and
adjudicating appellant guilty of all three offenses, immediately held a separate punishment hearing. (3)

 The judge specifically convoked a punishment hearing and invited appellant to offer evidence regarding punishment.
Appellant offered testimony in mitigation of punishment by way of witnesses on his behalf. Appellant first called his
father, Thomas Smith, who testified about his son's time in jail, during which he finished his high school education, his
good conduct since being released from jail, his attention deficit disorder and manic depression, the changes in his son for
the better in the last few months, and his plans if allowed to remain at liberty. Appellant then called his mother, Toni K.
Smith, who spoke of the improvement in her son's behavior since he had been released from jail, his work habits, the
change in his attitude, his medication habits and her belief that hard work, rather than incarceration, was the answer to his
problems. After she finished testifying, the judge asked if there were any further witnesses, to which defense counsel
answered, "No further witnesses, your Honor." The State likewise announced that it had nothing further. The judge
indicated that he would probably issue an announcement later, not that day. 

On February 18, 2000, the case was reconvened for sentencing and the trial judge asked the attorneys if there was any
further information they wanted to present to the court at that time. Both the State and the defense responded in the
negative although the defense counsel asked for a chance to make some remarks to the court, which the trial court granted.
After defense counsel made some remarks about the pretrial supervision report, the judge again asked if there was any
additional information that appellant would like to offer, to which defense counsel answered, "No, your Honor."

Despite having had a separate punishment hearing on February 3rd in which he presented extensive testimony on the issue
of punishment and sentencing, appellant claims on appeal to have been denied the opportunity to present evidence on his
behalf in mitigation of punishment. Appellant specifically complains under this point of error that "[a]t the hearing on
Sentencing on Motion to Revoke Probation on February 18, 2001, "R-1-3", the Court found Appellant guilty and after
finding him guilty immediately assessed punishment without affording Appellant an opportunity to present evidence or
argument on punishment...." We first note that this recitation incorrectly states the facts as appellant was found guilty at the
February 3rd hearing, not the February 18th hearing, and also had a separate punishment hearing on February 3rd at which he
was offered, and exercised, the opportunity to present evidence on his behalf on punishment. We further note that at the
February 18th proceeding neither side presented evidence, even though the trial court asked whether anyone wanted to do
so. Appellant certainly had the opportunity to present evidence at both the February 3rd punishment hearing, at which time
he chose to exercise that opportunity, as well as at the February 18th sentencing proceeding, at which time he chose not to
present any additional evidence. The trial court had no obligation to offer appellant any opportunity to present evidence at
the February 18th hearing since appellant had already presented evidence on punishment on February 3rd. The trial court
only need afford a defendant an opportunity to present evidence in mitigation of punishment sometime during the
proceedings, either before the adjudication or after. See Pearson v. State, 994 S.W.2d 176, 176 (Tex. Crim. App. 1999).
Appellant's right was satisfied when he was given a separate punishment hearing on February 3rd at which he was allowed
to, and did in fact, present evidence in mitigation of punishment. The trial court, nevertheless, gave appellant a second
opportunity on February 18th to present more information, which opportunity appellant declined, stating that he had no
additional information that he wanted to present. Appellant's claim that he was denied an opportunity to present evidence
or argument relating to punishment after a finding of guilt is wholly without merit. 

Accordingly, we find that we have no jurisdiction to consider appellant's first, third, fourth, and fifth points of error and his
second point of error is without merit. We affirm the conviction of the trial court.

ERRLINDA CASTILLO

Justice

Publish.

Tex. R. App. P. 47.3.



Opinion delivered and filed this

the 26th day of July, 2001.

1. Former Justice Maurice Amidei, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. Smith v. State, Nos. 13-00-146-CR,13-00-147-CR, 13-00-148-CR, 2001 Tex. App. LEXIS 3677(Tex. App. - Corpus
Christi, May 31, 2001, pet. filed).

3. The record reflects that after the trial judge pronounced appellant's guilt as to the three offenses at the February 3, 2000
hearing on the motion to revoke probation, he stated:



[Judge]: All right. Is there any request to proceed on punishment, or is there a request to- on a punishment phase or is there
a request to put that hearing off?



[Prosecutor]: Your Honor, do I understand then, that we are at this time in the punishment hearing?



[Judge]: Yes. If you request to go forward this time on the punishment hearing, we can do that; or if there's not time
because I have a hearing - I mean, I have an appointment at 3:OO o' clock and I have to leave here at five till.



[Prosecutor]: Your Honor, the State intends only to reoffer the evidence adduced at the guilt phase of the trial.



[Judge]: Okay.



[Prosecutor]: So, if I may proceed, the State does, then, reoffer all the evidence in those three causes that was introduced
during the guilt phase of those trials.



[Judge]: Do you have any information that you would like to provide the Court in this punishment hearing?



[Defense counsel]: Yes, your Honor.



[Judge]: All right. Call your first witness.