**Theodore Everett LLOYD, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–01–00221–CR.

Court of Appeals of Texas,
Texarkana.

Submitted July 17, 2002.

Decided Jan. 24, 2003.

Discretionary Review Refused
April 30, 2003.

Lew Dunn, Longview, for appellant.

Andrea M. Thompson, Appellate Assistant District Attorney, Longview, for appellee.

Before ROSS, CORNELIUS * and GRANT,** JJ.

OPINION

Opinion by Justice CORNELIUS (Retired).

Theodore Everett Lloyd appeals from the final adjudication of his guilt. The trial court placed Lloyd on ten years' deferred adjudication on October 13, 1994, for the offense of possession of a controlled substance. The State filed an amended application for adjudication on August 2, 2001. On November 19, 2001, the trial court adjudged Lloyd guilty and sentenced him to twelve years in prison.

Lloyd contends that his claims of error at the adjudication proceeding should be heard on appeal despite controlling caselaw to the contrary, because to refuse to hear his appeal on those grounds would

* William J. Cornelius, Chief Justice, Retired, Sitting by Assignment.

** Ben Z. Grant, Justice, Retired, sitting by assignment.

violate his rights under the Texas Constitution. He further contends that the evidence produced by the State is factually and legally insufficient to support the revocation of his community supervision. Lloyd also contends that the trial court committed reversible error at the sentencing phase by admitting evidence of an unadjudicated extraneous offense.

■ We first address the question whether we may consider alleged error that occurred at the final adjudication proceeding. We recognize that the Texas Court of Criminal Appeals has held that a defendant may not appeal the trial court's determination to adjudicate an original offense on violation of community supervision. This deprives a court of appeals of jurisdiction to entertain or consider an appeal from the adjudication hearing on any ground. Tex.Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp.2003); *Connolly v. State*, 983 S.W.2d 738, 741 (Tex.Crim. App.1999); *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim.App.1992).[1]

Lloyd has made a reasoned and impassioned argument that the open courts guarantee set out in Article 1, Section 13 of the Texas Constitution provides a right to appeal that cannot be taken away by statutory enactment or by rules of court. Tex. Const. art. I, § 13. The Texas Legislature has provided a right to appeal a criminal conviction in Tex.Code Crim. Proc. Ann. art. 44.02 (Vernon 1979). This article provides that the appeal may be taken "under the rules hereinafter prescribed." *Id.* Those rules are clearly promulgated in the Rules of Appellate Procedure. *Gelo v. State*, 1 S.W.3d 703, 705 (Tex.App.-El Paso

1999, no pet.). The rule depriving us of jurisdiction to consider an appeal from an adjudication proceeding applies because the defendant is not found guilty until that later proceeding. *Connolly v. State*, 983 S.W.2d at 741. We have no jurisdiction to consider Lloyd's issues one through six.

■ Lloyd also contends that the trial court abused its discretion at the sentencing phase by admitting evidence about an unadjudicated offense. Article 42.12, Section 5(b) of the Texas Code of Criminal Procedure provides that "[a]fter an adjudication of guilt, all proceedings, including assessment of punishment ... and defendant's appeal continue as if the adjudication of guilt had not been deferred." Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b). Thus, although we may not review a trial court's decision to proceed with an adjudication of guilt on the original charge, we may consider issues related to the trial court's assessment of punishment. *Id.; Vidaurri v. State*, 49 S.W.3d 880 (Tex. Crim.App.2001); *Washington v. State*, 71 S.W.3d 498, 499 (Tex.App.-Tyler 2002, no pet. h.). *See Kirtley v. State*, 56 S.W.3d 48, 51 (Tex.Crim.App.2001); *Issa v. State*, 826 S.W.2d 159, 161 (Tex.Crim.App.1992).

Lloyd contends that the trial court erred at the sentencing phase by admitting evidence that he was involved in a reverse or sting drug operation. The evidence consisted of a videotape that depicted Lloyd and a State agent[2] apparently engaged in a narcotics transaction that was never completed. The videotape shows that the State's agent gave Lloyd a package purporting to be cocaine, which Lloyd threw

---

1. There is authority suggesting that any remedy for an alleged violation of due process as to the standard of proof involved in a decision to proceed to adjudication must be through a post-conviction writ of habeas corpus. The prohibition against a direct appeal is total.

*Kendall v. State*, 929 S.W.2d 509 (Tex.App.-Fort Worth 1996, pet. ref'd).

2. Lloyd points out that the agent had given the police a false name before working for them as an undercover agent and that the agent is now at large on a warrant.

on a bed after stating that he had no money to purchase it.

Lloyd argues briefly that the trial court erred by admitting the evidence when the State had not given him proper notice of the date the act occurred, as required by TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(g) (Vernon Supp.2003). The purpose of the notice requirement is to prevent unfair surprise to a defendant. *Cole v. State,* 987 S.W.2d 893, 897 (Tex.App.-Fort Worth 1998, no pet.). The statute, however, only requires the State to give notice if the defendant timely requests it. There is no indication in this record that Lloyd requested such notice. In the absence of a timely request, the trial court did not err by admitting the evidence.

The judgment is affirmed.