COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 
2-02-471-CR
 2-02-472-CR
 2-02-473-CR
 2-02-474-CR
 2-02-475-CR
 2-02-476-CR

JONATHAN CLIFTON MCGEE                                                 APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY 
 
------------
 
OPINION 
 
------------
 
        In January 1999, appellant entered negotiated guilty pleas in an 
aggravated robbery case and in five burglary cases. The trial court deferred 
adjudication of appellant’s guilt and placed him on ten years’ probation in 
accordance with the plea agreement. In November 2001, the State filed 
petitions to proceed to adjudication of appellant’s guilt due to his violations of 
some of his probation conditions. In December 2001, appellant notified the 
court that he had retained counsel to represent him in the revocation 
proceedings. On December 27, 2001, appellant’s counsel filed a motion for 
continuance on the hearings scheduled for the next day. The trial court denied 
the continuance, appellant pled “true” to the allegations in each petition, and 
the trial court found him guilty in each case. The court sentenced appellant to 
twenty-five years’ confinement for the aggravated robbery and twenty years’ 
confinement on each burglary conviction, all of which were to run concurrently. 
We affirm. 
        In appellant’s sole point on appeal, he claims that the trial court erred 
when it denied his motion for continuance and forced him to proceed with the 
adjudication hearing without his retained counsel. 
        Attorney Scott Brown appeared at court to present retained attorney Bill 
Lane’s motion for continuance. Brown represented to the court that he “helps 
[Bill] out” a lot. Lane had apparently left town to go to an out of town football 
game as a birthday surprise. The exchange at the hearing on the motion 
proceeded as follows: 
MR. BROWN: Mr. McGee's attorney of record is Bill Lane. 
His family retained Bill. As you know, Judge, I help him out a lot. 
Technically, I'm not the attorney on this case. Yesterday, [Lane's
wife], surprised him and said, tomorrow is your birthday—today is
your birthday, and she got him ticket[s] to the football game in
Houston. He tried to get ahold of you yesterday. You weren't
here. He called the court—we called the court—
 
THE COURT: What time did you call the court? Because I 
was actually driving back from Amarillo so I could do this hearing, 
and could have stayed an additional day, and I received no notice 
that you called. When did you call? 
 
MR. BROWN: Yesterday morning at some point when I 
talked to Abby [the court coordinator]. Yesterday morning or late 
morning.
 
THE COURT: You are on the record and she's not, so why 
don't you say what you've got to say. 
 
MR. BROWN: Yesterday late morning. 
 
THE COURT: And what happened? You talked to Abby, and 
what did you say—what did she say? 
 
MR. BROWN: I said I was filing a motion for continuance. 
I came down and filed it. I explained to her that Bill was out of 
town. That's what's on the motion. 
 
THE COURT: What did she say to you? 
 
MR. BROWN: She said that you weren't there to talk to. 
 
THE COURT: Did she also tell you that this case had been 
set at y'all's request for today? I mean, here is my concern: I've 
asked Ms. Walker to pull the settings and this case was originally 
set on November 27. We appointed counsel. You came by to tell 
us that your office was going to be hired, that you and Bill were 
going to be hired. That was November 27. On December 3rd you 
came by to confirm y'all had been hired. Abby called Janie, your 
paralegal. What is she? 
 
MR. BROWN: Investigator. 
 
THE COURT: And said we needed a letter of representation 
that came out with Bill Lane's signature stamped on it. Bill Lane 
has never made an appearance in court on this case, never. On 
December 17 was a probation revocation docket— 
 
Abby, did Bill come in that day? Excuse me, Bill Lane did 
come in that day. Scott, were you here also? I thought I 
remember you being here. 
 
MR. BROWN: I don't remember the day I was here when it 
was set last. 
 
THE COURT: Which was December 17 on the revocation 
docket. We all sat around that morning given Bill's busy trial 
schedule, which I understand when he gets back he is going to be 
in a capital murder. 
 
MR. BROWN: We start jury selection on the 8th, Judge, 
Monday.
 
THE COURT: We reset it to this day for him with the state 
being here— 
 
MR. BROWN: Well,— 
 
THE COURT: No, let me finish. With the state's attorney 
here, with the court here, with the court coordinator here, with the 
defense attorneys here, everybody with calendars out, everybody 
making arrangements to do it today. And I just, you know, I know 
[Lane's wife], I just think the world of her, you know, and she is a 
sweet woman and great wife, and she has given him a surprise 
birthday, and I'm real sorry, but that doesn't matter to me and we 
will be proceeding. 

The court denied the continuance and proceeded with the hearings, instructing
Brown to represent appellant.
        First, we address the State’s claim that this court has no jurisdiction to 
hear this appeal. The State contends that this court lacks jurisdiction because 
the code of criminal procedure states that there is no appeal from a trial court’s 
determination to proceed with an adjudication of guilt. Tex. Code Crim. Proc. 
Ann. art. 42.12, § 5(b) (Vernon Supp. 2003). However, the issue raised in this 
appeal is governed by Vidaurri, Manuel, and Feagin, not Phynes as cited by the 
State. Vidaurri v. State, 49 S.W.3d 880 (Tex. Crim. App. 2001); Manuel v. 
State, 994 S.W.2d 658 (Tex. Crim. App. 1999); Feagin v. State, 967 S.W.2d 
417 (Tex. Crim. App. 1998); Phynes v. State, 828 S.W.2d 1 (Tex. Crim. App. 
1992). If the appellant was placed on deferred adjudication under a plea 
agreement, the scope of this review is limited by former rule 25.2(b)(3). Tex. 
R. App. P. 25.2(b)(3), 948-949 S.W.2d (Tex. Cases) XCVI (1997, amended 
2003).
 

 
        In Feagin the court of criminal appeals held that former rule 40(b)(1), later 
rule 25.2(b)(3), did not apply to appeals attacking the propriety of orders 
revoking probation, even when the probation was the result of a guilty plea. 
 

 
Feagin, 967 S.W.2d at 419. The court held that a defendant could appeal an
”issue which [is] unrelated to her conviction,” and rule 25.2(b)(3) would not
apply so that a general notice of appeal was sufficient to invoke the appellate
court’s jurisdiction. Id. Thus, according to Feagin, the focus should be on
whether the plea bargaining defendant is trying to appeal an issue related to his
original conviction or an issue that is separate from the conviction. Id.
        In Manuel, the court of criminal appeals took the next step and held that 
a defendant who is placed on deferred adjudication may raise issues relating to 
the original plea proceeding only when the deferred adjudication is originally 
imposed, not after guilt is later adjudicated. Manuel, 994 S.W.2d at 661. 
        In Vidaurri, the court completed its trilogy by holding that a plea 
bargaining defendant who received deferred adjudication and whose guilt is 
subsequently adjudicated may appeal alleged error that relates to the process 
by which he was sentenced, which is unrelated to the original imposition of 
deferred adjudication. Vidaurri, 49 S.W.2d at 885. In Vidaurri, much like this 
case, the appellant was challenging the trial court’s complete failure to hold a 
hearing on punishment following the court’s adjudication of his guilt, a right 
recognized by the court of criminal appeals that is related to the process of a 
defendant’s later sentencing. Id. 
        In Phynes, the court held that there is no right of appeal from an 
adjudication hearing thereby foreclosing review of Phynes's complaint that he 
was denied counsel at that hearing. Phynes, 828 S.W.2d at 2. The opinion in 
Phynes did not reach the issue of whether article 42.12, section 5(b) prevents 
an appeal of denial of counsel at the sentencing phase, following adjudication. 
Id.; see also Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b); Kirtley v. State, 56 
S.W.3d 48, 51 (Tex. Crim. App. 2001) (holding appellant sentenced under a 
guilty plea agreement can appeal aspects of the "second phase to determine 
punishment") (citing Issa v. State, 826 S.W.2d 159, 161 (Tex. Crim. App. 
1992)).
        Similarly, appellant complains about the denial of his motion for 
continuance of the adjudication and sentencing hearing because his retained 
counsel was unable to appear, thus impacting his right to counsel. Because the 
question of the continuance was an issue unrelated to the entry of the original 
deferred adjudication and the trial court's decision to adjudicate guilt, we hold 
that we have jurisdiction to review the trial court’s ruling on the motion and 
that this review does not run afoul of article 42.12, section 5(b)’s prohibition 
of appeals from a trial court’s determination to adjudicate guilt. See Smith v. 
State, 52 S.W.3d 475, 476 (Tex. App.—Corpus Christi 2001, pet. ref’d) 
(holding appellant’s general notice of appeal invoked appellate court jurisdiction 
to hear and address his complaint of trial court error by refusing him the 
opportunity to present evidence in mitigation of punishment); see also Lloyd v. 
State, 97 S.W.3d 808, 809 Tex. App.—Texarkana 2003, pet. ref'd) (holding 
appellate court had jurisdiction to consider issues related to the trial court’s 
assessment of punishment). Moreover, appellant was not required to comply 
with rule 25.2(b)(3)’s special notice of appeal prerequisites. See Woods v. 
State, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002); Vidaurri, 49 S.W.3d at 
885. We therefore turn to appellant’s complaint. 
        Bill Lane, who was identified as appellant’s retained counsel, filed a 
motion to continue the revocation hearings the day before the hearings. Scott 
Brown signed the motion and presented it on Lane’s behalf. In fact, the record 
shows that on prior occasions Brown told the court that he and Lane were 
going to be hired, that they had been hired on the case, and that they had 
received a continuance prior to December 28. 
        First, we note that the motion was not in compliance with the code of 
criminal procedure in that it was not sworn to by anyone with personal 
knowledge. Tex. Code Crim. Proc. Ann. art. 29.08 (Vernon 1989). The State 
points to a court of criminal appeal case as well as a case from this court 
holding that the denial of an unsworn motion for continuance presents nothing 
for review. See Dewberry v. State, 4 S.W.3d 735, 755 (Tex. Crim. App. 
1999), cert. denied, 529 U.S. 1131 (2000); Rodda v. State, 926 S.W.2d 375, 
376-77 (Tex. App.—Fort Worth, 1996, pet. ref’d). Further, there is no showing 
in the reporters’ records or the clerks’ records that Brown filed another motion 
for continuance after the court instructed Brown to proceed as appellant’s 
counsel at the revocation and punishment hearings. There are no objections, 
pleadings, or any evidence challenging Brown’s representation of appellant. 
See Tex. R. App. P. 33.1; Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. 
App. 1998) (op. on reh’g), cert. denied, 526 U.S. 1070 (1999). To the extent 
appellant challenges the court’s ruling that Brown should represent appellant, 
that complaint is waived. 
        Appellant also contends, however, that the denial of his specific retained 
counsel is tantamount to a complete denial of his Sixth Amendment right to 
counsel. U.S. Const. amend. VI. As noted by the State, however, that right 
is not unlimited. See Ex parte Windham, 634 S.W.2d 718, 720 (Tex. Crim. 
App. 1982). While the right to counsel is a "waivable only" right, the right to 
specific counsel is not. See generally Saldano v. State, 70 S.W.3d 873, 888 
(Tex. Crim. App. 2002). Appellant cites no cases holding that an accused is 
entitled to a specific attorney. Regardless, the record includes evidence of 
representations that both attorneys represented appellant. 
        For these reasons, we hold that appellant failed to preserve error 
regarding the denial of his motion for continuance due to Lane's absence and 
that proceeding to adjudication/punishment with different counsel does not 
involve a fundamental, unlimited right that cannot be waived. Id. The 
judgments of the trial court are affirmed. 

                                                                  TERRIE LIVINGSTON 
                                                                  JUSTICE
 
PANEL B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ. 
 
PUBLISH
 
DELIVERED: November 6, 2003