LEVIER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-436-CR

JONATHAN PAUL LEVIER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Jonathan Paul Levier appeals from his sentence of eight years’ confinement for the offense of aggravated sexual assault of a child.  In his sole point, he complains that the 
trial court erred by not allowing him a hearing on punishment.  We affirm.

Facts

On December 14, 2001, appellant pled guilty to the offense of aggravated sexual assault of a child.  The trial court deferred a finding of guilt and placed appellant on five years’ community supervision. 

On September 26, 2002, the State filed a motion to proceed to adjudication.  The trial court conducted a hearing on the motion on October 21, 2003.  At the hearing, appellant pled “true” to the State’s allegations, and the trial court found that he had violated the terms of his community supervision.  Appellant testified and offered mitigation evidence regarding the violation of the terms of his community supervision.  Without hearing any additional evidence on punishment, the trial court sentenced appellant to eight years’ confinement.  Appellant did not request a punishment hearing, nor did he object to the trial court’s failure to conduct one.  Appellant did not file a motion for new trial.

Discussion

On appeal, appellant complains that the trial court should have allowed him to present evidence on punishment.  The State contends that appellant waived his right to complain about this issue on appeal because he did not make a request to present evidence on punishment, did not object to the trial court’s failure to ask him to present evidence on punishment, and did not file a motion for new trial.  

Because appellant’s complaint was an issue unrelated to the entry of the original deferred adjudication and the trial court's decision to adjudicate guilt, we hold that we have jurisdiction to review the trial court's
 failure to allow appellant to present evidence at punishment.
  Moreover, this review does not run afoul of article 42.12, section 5(b)'s prohibition of appeals from a trial court's determination to adjudicate guilt.  
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon Supp. 2004); 
see Kirtley v. State
, 56 S.W.3d 48, 51 (Tex. Crim. App. 2001) (holding appellant sentenced under a guilty plea agreement can appeal aspects of the “second phase to determine punishment”) (citing 
Issa v. State
, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992));
 McGee v. State
,
 124 S.W.3d 253, 256 (Tex. App.—Fort Worth 2003, pet. filed) (holding that the court of appeals had jurisdiction to review the trial court's ruling on the motion for continuance 
because the issue before the court was unrelated to the entry of the original deferred adjudication and the trial court's decision to adjudicate guilt); 
see also
 
Smith v. State
, 52 S.W.3d 475, 476 (Tex. App.—Corpus Christi 2001, pet. ref'd) (holding appellant's general notice of appeal invoked appellate court jurisdiction to hear and address his complaint of trial court error by refusing him the opportunity to present evidence in mitigation of punishment);
 Lloyd v. State
, 97 S.W.3d 808, 809 (Tex. App.—Texarkana 2003, pet. ref'd) (holding appellate court had jurisdiction to consider issues related to the trial court's assessment of punishment).  We therefore turn to appellant's complaint.

W
hen a trial court finds that an accused has committed a violation as alleged by the State and adjudicates a previously deferred finding of guilt, the court must then conduct a second phase of trial to determine punishment.  
Issa
, 826 S.W.2d at 161.
  A
 defendant preserves error on the denial of a request for a separate punishment hearing by objecting at the time of the denial, or in the absence of an opportunity to object
, by filing a motion for new trial.  
Id.; see also Hardeman v. State
, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999); 
Pearson v. State
, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999).

Here, appellant did not ask to present evidence on punishment, did not object to the trial court’s failure to ask him to present evidence on punishment, and did not file a motion for new trial.
  Accordingly, on appeal, appellant has waived his right to complain of the trial court’s failure to conduct a separate punishment hearing.

Regardless, appellant argues that the fact that he filed his pro se notice for appeal at the end of the hearing indicates that his appointed trial counsel did not advise him that, in order to preserve error on appeal
, he must file a motion for new trial.  Accordingly, appellant contends that he is entitled to a new punishment hearing because by failing to move for a new trial
 he did not knowingly waive this point on appeal.

To the extent that appellant is complaining that his appointed counsel was ineffective during the punishment phase of trial, we will review his appeal.  
Kirtley
, 56 S.W.3d at 51-52 (holding that a
 claim of ineffective assistance of counsel at the punishment hearing after adjudication of guilt is “unrelated to” a claim regarding the propriety of the conviction and there is nothing to prohibit appellant from claiming ineffective assistance of counsel during the punishment hearing on appeal).  

We 
apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).
(footnote: 2)  
An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 814. 

A review of the entire record in this case 
does not reveal any ineffectiveness on the part of appellant’s trial counsel.  Generally, a silent record that provides no explanation for counsel’s actions will not overcome the strong presumption of reasonable assistance.  
See Rylander v. State
, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003).  Here, the reporter’s record consists of a total of fourteen pages. 
 Appellant has failed to establish in the record that his counsel was deficient.  Accordingly, appellant has not shown that his counsel was ineffective under the first prong of 
Strickland.
(footnote: 3) 
 Therefore, we hold that appellant was not denied ineffective assistance of counsel.  Appellant’s sole point is overruled.

Conclusion

Having overruled appellant’s sole point, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL A: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 27, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
First, appellant must show that his counsel's performance was deficient; second, appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064; 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

3:
There is no requirement that we address both components of the inquiry if the defendant makes an insufficient showing on one component.  
Strickland
, 466 U.S. at 697, 104 S. Ct. at 2069.