COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-436-CR
  
  
JONATHAN PAUL LEVIER                                                       APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM THE 396TH 
DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Jonathan 
Paul Levier appeals from his sentence of eight years’ confinement for the 
offense of aggravated sexual assault of a child.  In his sole point, he 
complains that the trial court erred by not allowing him a hearing on 
punishment.  We affirm.
Facts
        On 
December 14, 2001, appellant pled guilty to the offense of aggravated sexual 
assault of a child. The trial court deferred a finding of guilt and placed 
appellant on five years’ community supervision.
        On 
September 26, 2002, the State filed a motion to proceed to adjudication.  
The trial court conducted a hearing on the motion on October 21, 2003.  At 
the hearing, appellant pled “true” to the State’s allegations, and the 
trial court found that he had violated the terms of his community supervision. 
Appellant testified and offered mitigation evidence regarding the violation of 
the terms of his community supervision.  Without hearing any additional 
evidence on punishment, the trial court sentenced appellant to eight years’ 
confinement.  Appellant did not request a punishment hearing, nor did he 
object to the trial court’s failure to conduct one.  Appellant did not 
file a motion for new trial.
Discussion
        On 
appeal, appellant complains that the trial court should have allowed him to 
present evidence on punishment.  The State contends that appellant waived 
his right to complain about this issue on appeal because he did not make a 
request to present evidence on punishment, did not object to the trial court’s 
failure to ask him to present evidence on punishment, and did not file a motion 
for new trial.
        Because 
appellant’s complaint was an issue unrelated to the entry of the original 
deferred adjudication and the trial court's decision to adjudicate guilt, we 
hold that we have jurisdiction to review the trial court's failure to allow 
appellant to present evidence at punishment.  Moreover, this review does 
not run afoul of article 42.12, section 5(b)'s prohibition of appeals from a 
trial court's determination to adjudicate guilt.  Tex. Code Crim. Proc. Ann. art. 42.12, 
§ 5(b) (Vernon Supp. 2004); see Kirtley v. State, 56 S.W.3d 48, 51 (Tex. 
Crim. App. 2001) (holding appellant sentenced under a guilty plea agreement can 
appeal aspects of the “second phase to determine punishment”) (citing Issa 
v. State, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992)); McGee v. State, 
124 S.W.3d 253, 256 (Tex. App.—Fort Worth 2003, pet. filed) (holding that the 
court of appeals had jurisdiction to review the trial court's ruling on the 
motion for continuance because the issue before the court was unrelated to the 
entry of the original deferred adjudication and the trial court's decision to 
adjudicate guilt); see also Smith v. State, 52 S.W.3d 475, 476 
(Tex. App.—Corpus Christi 2001, pet. ref'd) (holding appellant's general 
notice of appeal invoked appellate court jurisdiction to hear and address his 
complaint of trial court error by refusing him the opportunity to present 
evidence in mitigation of punishment); Lloyd v. State, 97 S.W.3d 808, 809 
(Tex. App.—Texarkana 2003, pet. ref'd) (holding appellate court had 
jurisdiction to consider issues related to the trial court's assessment of 
punishment).  We therefore turn to appellant's complaint.
        When 
a trial court finds that an accused has committed a violation as alleged by the 
State and adjudicates a previously deferred finding of guilt, the court must 
then conduct a second phase of trial to determine punishment.  Issa, 
826 S.W.2d at 161.  A defendant preserves error on the denial of a request 
for a separate punishment hearing by objecting at the time of the denial, or in 
the absence of an opportunity to object, by filing a motion for new trial.  
Id.; see also Hardeman v. State, 1 S.W.3d 689, 690 (Tex. Crim. App. 
1999); Pearson v. State, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999).
        Here, 
appellant did not ask to present evidence on punishment, did not object to the 
trial court’s failure to ask him to present evidence on punishment, and did 
not file a motion for new trial.  Accordingly, on appeal, appellant has 
waived his right to complain of the trial court’s failure to conduct a 
separate punishment hearing.
        Regardless, 
appellant argues that the fact that he filed his pro se notice for appeal at the 
end of the hearing indicates that his appointed trial counsel did not advise him 
that, in order to preserve error on appeal, he must file a motion for new 
trial.  Accordingly, appellant contends that he is entitled to a new 
punishment hearing because by failing to move for a new trial he did not 
knowingly waive this point on appeal.
        To 
the extent that appellant is complaining that his appointed counsel was 
ineffective during the punishment phase of trial, we will review his 
appeal.  Kirtley, 56 S.W.3d at 51-52 (holding that a claim of 
ineffective assistance of counsel at the punishment hearing after adjudication 
of guilt is “unrelated to” a claim regarding the propriety of the conviction 
and there is nothing to prohibit appellant from claiming ineffective assistance 
of counsel during the punishment hearing on appeal).
        We 
apply a two-pronged test to ineffective assistance of counsel claims.  Strickland 
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson 
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).[2]  
An allegation of ineffective assistance must be firmly founded in the record, 
and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson, 9 S.W.3d at 814.
        A 
review of the entire record in this case does not reveal any ineffectiveness on 
the part of appellant’s trial counsel.  Generally, a silent record that 
provides no explanation for counsel’s actions will not overcome the strong 
presumption of reasonable assistance.  See Rylander v. State, 101 
S.W.3d 107, 110-11 (Tex. Crim. App. 2003).  Here, the reporter’s record 
consists of a total of fourteen pages. Appellant has failed to establish in the 
record that his counsel was deficient.  Accordingly, appellant has not 
shown that his counsel was ineffective under the first prong of Strickland.[3]  Therefore, we hold that appellant was not denied 
ineffective assistance of counsel.  Appellant’s sole point is overruled.
Conclusion
        Having 
overruled appellant’s sole point, we affirm the trial court’s judgment.
   
  
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
   
 
PANEL A:   LIVINGSTON, 
DAUPHINOT, and MCCOY, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: May 27, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
First, appellant must show that his counsel's performance was deficient; second, 
appellant must show the deficient performance prejudiced the defense. Strickland, 
466 U.S. at 687, 104 S. Ct. at 2064; Hernandez v. State, 988 S.W.2d 770, 
770 (Tex. Crim. App. 1999).
3.  
There is no requirement that we address both components of the inquiry if the 
defendant makes an insufficient showing on one component. Strickland, 466 
U.S. at 697, 104 S. Ct. at 2069.