In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00013-CR
______________________________


PATRICIA FISHER, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 17823


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            After Patricia Fisher pled guilty in 2000 to possession of a controlled substance, the trial
court deferred adjudication, placing Fisher on community supervision for four years. In 2003, the
State filed a motion to proceed with final adjudication and, although Fisher's community supervision
officer did not appear at the revocation hearing that followed, another officer, unrelated to Fisher's
case but designated as custodian of records for Lamar County's Community Supervision Department,
was permitted to testify from Fisher's file on the basis that it was a report kept in the course of a
regularly conducted business activity. See Tex. R. Evid. 803(6). After hearing this testimony, the
trial court agreed with the State's allegations, revoked Fisher's community supervision, sentenced
her to two years' confinement in a state jail facility, and ordered her to pay $789.25 in court costs and
a $379.00 fine. 
            Fisher now appeals, contending the trial court abused its discretion. She argues that, because
the evidence offered by the State constituted inadmissible hearsay violative of the Confrontation
Clause, its proper exclusion would have rendered the evidence insufficient to support the State's
motion to proceed with final adjudication. Without commenting on the merits of Fisher's claims,
we note the Texas Code of Criminal Procedure expressly denies a defendant the right to appeal from
a trial court's decision to proceed with adjudication based on an alleged violation of the terms of
community supervision.
            Although Article 42.12, Section 5(b) provides that a "defendant is entitled to a hearing
limited to the determination by the court of whether it proceeds with an adjudication of guilt on the
original charge," he or she is not permitted to appeal this determination. Tex. Code Crim. Proc.
Ann. art. 42.12, § 5(b) (Vernon Supp. 2004); Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim.
App. 1999); Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); Lloyd v. State, 97 S.W.3d
808, 809 (Tex. App.—Texarkana 2003, pet. ref'd). As a result, courts of appeals are deprived of
jurisdiction to entertain appeals from the trial court's decision to adjudicate guilt. Morris v. State,
No. 06-03-00069-CR, 2003 Tex. App. LEXIS 9969, at *3 (Tex. App.—Texarkana Nov. 24, 2003,
no pet.) (not designated for publication). Fisher has presented us with only issues related to the trial 
court's decision to adjudicate guilt.
            Accordingly, we dismiss Fisher's appeal for want of jurisdiction.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          June 22, 2004
Date Decided:             July 20, 2004

Do Not Publish