COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-403-CR

 

 

WILLIAM MARSHALL STOREY                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                               STATE

 

                                              ------------

 

    FROM CRIMINAL DISTRICT COURT NO. THREE OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

                                              ------------

This is an appeal from a
revocation of community supervision.  In
a single point, Appellant William Storey argues that the trial court erred by
failing to conduct a separate punishment hearing after adjudicating Storey=s guilt. Because the record clearly shows that a separate punishment
hearing was held, we will affirm.








In his sole point, Storey
complains that the trial court erred by failing to conduct a separate
punishment hearing after adjudicating Storey=s guilt.[2]  When a trial court finds that an accused has
committed a violation as alleged by the State and adjudicates a previously
deferred finding of guilt, the court must bifurcate the accused=s trial into an adjudication of guilt phase and a punishment
phase.  Issa v. State, 826 S.W.2d
159, 161 (Tex. Crim. App. 1992).  Thus,
the defendant is entitled to a punishment hearing after the adjudication of
guilt, and the trial court must allow the accused to present evidence to
mitigate punishment.  Id.; see
Pearson v. State, 994 S.W.2d 176, 178 (Tex. Crim. App. 1999).

In this case, the record
reflects that the trial court properly bifurcated Storey=s trial.  On August 16 and 24,
2006, the trial court conducted a hearing on the State=s motion to revoke Storey=s community supervision.  At the
conclusion of the hearing, the trial court found Storey guilty.  At that point, the following exchange
occurred:








THE COURT:  I will hereby assess
your sentence in this case B

 

[STOREY=S
ATTORNEY]:  Judge, I hate to interrupt B

 

THE COURT:  Yes, you do.

 

[STOREY=S
ATTORNEY]:  B but
I feel I must.

 

THE COURT:  You want to have a
bifurcated hearing?

 

[STOREY=S
ATTORNEY]:  I would like to have a
bifurcated hearing . . . .

THE COURT:  Okay.  That=s fine.

 

The trial court then reset the case for a later
sentencing hearing. 

Three months later, on
November 13, 2006, the trial court held the sentencing hearing.  At the hearing, Storey offered witness
testimony in mitigation of punishment and a presentencing investigation report.  Storey called his mother, who testified about
her son=s children and how much they cared for him.  Storey then rested.  After the State waived opening, Storey=s attorney made a lengthy closing statement, followed by a brief statement
from the State.  The trial court then
sentenced Storey to twenty months in state jail.








Despite having had a separate
punishment hearing, clearly delineated by the passage of three months after the
adjudication of guilt, in which he offered a presentence investigation report,
presented a witness, and gave closing statements, Storey claims on appeal that
the trial court denied him the opportunity to present evidence on his behalf in
mitigation of punishment.[3]  

Because the trial court
afforded Storey the opportunity to present evidence in mitigation of punishment
at a sentencing hearing conducted after and separate from the adjudication
hearing, we hold that the trial court did not err.  We overrule Storey=s sole point and, accordingly, affirm the trial court=s judgment.

 

PER CURIAM

 

PANEL
F: WALKER, LIVINGSTON and DAUPHINOT, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
October 4, 2007











[1]See Tex. R. App. P. 47.4.





[2]We
have jurisdiction to evaluate the merits of Storey=s
appeal under Vidaurri v. State, which held that when an appellant does
not challenge his conviction but rather challenges the sentencing process, a
general notice of appeal will confer jurisdiction on the appellate court.  49 S.W.3d 880, 884 (Tex. Crim. App. 2001); Smith
v. State, 52 S.W.3d 475, 476 (Tex. App.CCorpus Christi 2001, pet. ref=d).  Because Storey is challenging the sentencing
process, we reach the merits of his claim.

 





[3]We
note that Storey relies on an exchange between the trial court and Storey=s
attorney that is not in any part of the record.