COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-403-CR

WILLIAM MARSHALL STOREY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. THREE OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

This is an appeal from a revocation of community supervision.  In a single point, Appellant William Storey argues that the trial court erred by failing to conduct a separate punishment hearing after adjudicating Storey’s guilt. Because the record clearly shows that a separate punishment hearing was held, we will affirm.

In his sole point, Storey complains that the trial court erred by failing to conduct a separate punishment hearing after adjudicating Storey’s guilt.
(footnote: 2)  When a trial court finds that an accused has committed a violation as alleged by the State and adjudicates a previously deferred finding of guilt, the court must bifurcate the accused’s trial into an adjudication of guilt phase and a punishment phase.  
Issa v. State
, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992).  Thus, the defendant is entitled to a punishment hearing after the adjudication of guilt, and the trial court must allow the accused to present evidence to mitigate punishment.  
Id.
;
 see Pearson v. State
, 994 S.W.2d 176, 178 (Tex. Crim. App. 1999).

In this case, the record reflects that the trial court properly bifurcated Storey’s trial.  On August 16 and 24, 2006, the trial court conducted a hearing on the State’s motion to revoke Storey’s community supervision.  At the conclusion of the hearing, the trial court found Storey guilty.  At that point, the following exchange occurred:

THE COURT:  I will hereby assess your sentence in this case –

[STOREY’S ATTORNEY]:  Judge, I hate to interrupt –

THE COURT:  Yes, you do.

[STOREY’S ATTORNEY]:  – but I feel I must.

THE COURT:  You want to have a bifurcated hearing?

[STOREY’S ATTORNEY]:  I would like to have a bifurcated hearing . . . .

THE COURT:  Okay.  That’s fine.

The trial court then reset the case for a later sentencing hearing. 

Three months later, on November 13, 2006, the trial court held the sentencing hearing.  At the hearing, Storey offered witness testimony in mitigation of punishment and a presentencing investigation report.  Storey called his mother, who testified about her son’s children and how much they cared for him.  Storey then rested.  After the State waived opening, Storey’s attorney made a lengthy closing statement, followed by a brief statement from the State.  The trial court then sentenced Storey to twenty months in state jail.

Despite having had a separate punishment hearing, clearly delineated by the passage of three months after the adjudication of guilt, in which he offered a presentence investigation report, presented a witness, and gave closing statements, Storey claims on appeal that the trial court denied him the opportunity to present evidence on his behalf in mitigation of punishment.
(footnote: 3)  

Because the trial court afforded Storey the opportunity to present evidence in mitigation of punishment at a sentencing hearing conducted after and separate from the adjudication hearing, we hold that the trial court did not err.  We overrule Storey’s sole point and, accordingly, 
affirm the trial court’s judgment.

PER CURIAM

PANEL F: WALKER, LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: October 4, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
We have jurisdiction to evaluate the merits of Storey’s appeal under 
Vidaurri v. State
, which held that when an appellant does not challenge his conviction but rather challenges the sentencing process, a general notice of appeal will confer jurisdiction on the appellate court.  49 S.W.3d 880, 884 (Tex. Crim. App. 2001); 
Smith v. State
, 52 S.W.3d 475, 476 (Tex. App.—Corpus Christi 2001, pet. ref’d).  Because Storey is challenging the sentencing process, we reach the merits of his claim.

3:
We note that Storey relies on an exchange between the trial court and Storey’s attorney that is not in any part of the record.