

## NUMBER 13-24-00623-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

BRYCE MARQUIS FRONAPFEL
A/K/A BRYCE PRONAPFEL,                                          Appellant,

v.

THE STATE OF TEXAS,                                             Appellee.

## ON APPEAL FROM THE 357TH DISTRICT COURT
## OF CAMERON COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca**
**Memorandum Opinion by Chief Justice Tijerina**

Appellant Bryce Marquis Fronapfel a/k/a Bryce Pronapfel pleaded guilty to the offenses of aggravated robbery and burglary of a habitation, first-degree felonies. *See* TEX. PENAL CODE ANN. §§ 29.03, 30.02(d). The trial court placed appellant on deferred adjudication community supervision for a period of six years. Subsequently, the trial court

revoked community supervision, adjudicated appellant guilty, and sentenced him to concurrent sentences of ten years' confinement.[1] By two issues, appellant contends that the trial court erred when it did not allow him to present mitigating evidence prior to sentencing him, and "the State failed to do justice in failing to pursue [an] agreement to continue appellant on probation." We affirm.

## I.     SENTENCING

By his first issue, appellant contends that the trial court improperly rejected his offer of evidence at his revocation hearing. Specifically, appellant argues that the trial court prevented him from explaining "that he was actually not guilty of the robbery, but had refused to go along with his friends" and alleges that he was unable to "present any evidence at this critical stage."

## A.     Pertinent Facts

At the revocation hearing, after appellant pleaded true to the State's allegations that he violated the terms of community supervision and the trial court adjudicated him guilty of the offenses, the trial court stated that it would "hear counsel on . . . punishment." Appellant's trial counsel stated,

> Yes, Your Honor, please. He's been on probation for almost five years of the six years and not all correct, Judge, but since then he's married now. He's got a wife. His wife is expecting in five or six months. He has a job with both his father and mother in Nebraska. Judge, he was a very small, young man when he committed this offense. We talked with the [S]tate. We thought maybe shock probation would be an option. He's been in jail for almost six months now. We hope Your Honor can continue him to finish out his probation.

---

[1] Appellant pleaded "true" to the State's allegations that he violated the terms of community supervision by, among other things, committing several criminal offenses.

2

The probation officer then testified that appellant had tested positive for drugs and had many new arrests. The trial court then said, "So, the Court, having found you guilty of the offense." Appellant's trial counsel interrupted stating, "May he say something, Your Honor," and the trial court replied, "No." The trial court then sentenced appellant. Appellant's trial counsel stated, "Thank you, Your Honor."

**B.     Applicable Law**

To preserve error in the exclusion of evidence, the proponent must first offer the evidence with a sufficiently specific explanation of why the evidence is admissible and get a ruling. TEX. R. APP. P. 33.1(a); *Golliday v. State*, 560 S.W.3d 664, 668–69 (Tex. Crim. App. 2018). If the trial court prohibits introduction of the proffered evidence, the proponent must then "make an 'offer of proof' conveying the substance of the proffered evidence"; otherwise, the issue is not preserved. *Roberts v. State*, 220 S.W.3d 521, 532 (Tex. Crim. App. 2007); *see* TEX. R. EVID. 103(a)(2).

**C.     Discussion**

Here, appellant's trial counsel asked if appellant could "say something." However, appellant's trial counsel did not inform the trial court that he wished to present evidence of his innocence, as he now argues on appeal nor did he state a legal ground supporting admissibility of any proffered evidence. *See* TEX. R. APP. P. 33.1(a); *Golliday*, 560 S.W.3d at 668–69; *Mosley v. State*, 666 S.W.3d 670, 676 (Tex. Crim. App. 2023) ("To avoid forfeiting a complaint on appeal, the party must 'let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it.'"). Thus,

because appellant's request was not sufficiently specific, the trial court was not aware that appellant wished to present evidence of his innocence or mitigating evidence when it replied, "No." Finally, appellant did not state a legal ground supporting admissibility of any proffered evidence or make an offer of proof conveying the substance of the proffered evidence and the substance of the evidence was not apparent from the context. *See* TEX. R. EVID. 103(a)(2); *Roberts*, 220 S.W.3d at 532; *see also Windham v. State*, No. 05-07-00535-CR, 2008 WL 921487, at *1 (Tex. App.—Dallas Apr. 7, 2008, no pet.) (mem. op., not designated for publication) (noting "the [proponent] must offer the evidence at trial" to preserve an exclusion of evidence issue). We overrule appellant's first issue.[2]

## II. CONTINUANCE ON COMMUNITY SUPERVISION

By his second issue, appellant contends that the State "failed to do justice in failing to pursue an agreement to continue appellant on probation." Without citation to any legal authority, appellant argues that "[t]he State was obligated to show the extent of his involvement, if any, [in the underlying offenses,] and should have continued to seek continued probation." Appellant states that he helped secure the conviction of his co-defendants, completed a six-year term of community supervision, and spent "a year in total custody, awaiting this proceeding." Therefore, it appears that appellant asserts that the State should have assisted him at the revocation hearing. This is the extent of

---

[2] We note that "[t]he trial court only need afford a defendant an opportunity to present evidence in mitigation of punishment sometime during the proceedings, either before the adjudication or after." *Smith v. State*, 52 S.W.3d 475, 478 (Tex. App.—Corpus Christi–Edinburg 2001, pet. ref'd). Here, the record reflects that the trial court gave appellant the opportunity to present punishment evidence prior to sentencing him when the trial court said that it would "hear counsel on punishment." *See id.* Appellant's trial counsel then told the trial court that appellant deserved to be continued on community supervision because he was young when he committed the offenses, he was married, his wife was pregnant, he had employment opportunities in Nebraska, and he had been in jail for approximately six months.

appellant's argument. We conclude that this issue is inadequately briefed. *See* TEX. R.

APP. P. 38.1(i). We overrule appellant's second issue.

### III. CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA<br>
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
14th day of August, 2025.