**Rodolfo SANCHEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–03–00186–CR.

Court of Appeals of Texas,
San Antonio.

May 7, 2003.

Catherine M. Valenzuela, Law Office of Catherine M. Valenzuela, San Antonio, for Appellant.

Susan D. Reed, Criminal Dist. Atty., San Antonio, for Appellee.

794 (Tex.Crim.App., 2002).

Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

PER CURIAM.

## AMENDED CERTIFICATION ORDERED

In accordance with his plea bargain agreement, Rodolfo Sanchez was convicted of driving while intoxicated. Sanchez's sentence was suspended, and he was placed on community supervision. The trial court subsequently entered a judgment revoking Sanchez's community supervision, and Sanchez seeks to appeal the revocation.

In accordance with Texas Rule of Appellate Procedure 25.2(d), the trial court signed a certification of defendant's right of appeal. *See* Tex.R.App. P. 25.2(d). The certification states that the underlying case "is a plea-bargain case, and the defendant has NO right of appeal."

Before the 2003 amendments to the Texas Rules of Appellate Procedure, rule 25.2(b)(3) required a notice of appeal to specify that the appeal was for a jurisdictional defect, related to a pre-trial ruling on a written motion, or permission to appeal was granted in order to invoke this court's jurisdiction. With regard to appeals of judgments revoking community supervision, however, the Texas Court of Criminal Appeals held that such appeals were not limited by rule 40(b)(1), which was amended and replaced by rule 25.2(b)(3) in 1997. *See Feagin v. State,* 967 S.W.2d 417, 419 (Tex.Crim.App.1998).

The 2003 amendments require trial courts to certify a defendant's right of appeal under rule 25.2(a)(2). *See* Tex. R.App. P. 25.2(d). Rule 25.2(a)(2), like former rule 25.2(b)(3), limits a defendant's right of appeal in plea bargain cases. *See* Tex.R.App. P. 25.2(a)(2). In plea bargain cases, rule 25.2(a)(2) only allows a defendant to appeal matters raised by written motion filed and ruled on before trial or if the defendant has the trial court's permission to appeal. *See id.* Because the prior rule was held not to limit an appeal "attacking the propriety of orders revoking probation," we hold that rule 25.2(a)(2) also does not limit such an appeal. *Feagin,* 967 S.W.2d at 419. Accordingly, the trial court's certification is defective, and the trial court is ordered to correct the defect. *See* Tex.R.App. P. 37.1.