NO. 07-03-0336-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 24, 2003
_____

EDDIE DEAN RILEY, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 84TH DISTRICT COURT OF OCHILTREE COUNTY;

NO. 3615; HON. WILLIAM D. SMITH, PRESIDING
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

**ON ABATEMENT AND REMAND**

Eddie Dean Riley, Jr. (appellant) appeals from a judgment revoking his community supervision. He had initially been convicted, via a guilty plea, of the unauthorized use of a motor vehicle. The trial court sentenced him to two years confinement in a state jail facility, suspended the sentence, and placed him on probation for five years. Subsequently, the State moved to revoke his probation. The trial court granted the motion, revoked his probation, sentenced him to 15 months imprisonment, and certified that the

proceeding was "a plea bargain case" and that he had "no right of appeal." That appellant may have pled guilty to the initial offense does not prevent him from appealing the revocation of his conviction. *Sanchez v. State*, 109 S.W.3d 760, 761 (Tex. App.–San Antonio 2003, no pet. h.).

The clerk's and reporter's records are now due in this cause. Furthermore, appellant has stated that he is indigent, is without counsel, and desires counsel. Accordingly, we abate this appeal and remand the cause to the 84th District Court of Ochiltree County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.  whether appellant desires to prosecute the appeal;

2.  whether appellant is indigent; and,

3.  whether the appellant is entitled to a free appellate record and to appointed counsel on appeal due to his indigency.

The trial court shall cause the hearing to be transcribed. So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed a supplemental clerk's record containing its findings of fact and conclusions of law and all orders it may issue as a result of its hearing on this matter, and 3) cause to be developed a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing. Additionally, the district court shall file the supplemental record with the clerk of this court on or before October 23, 2003. Should further time be needed by the trial court to perform these tasks, it must be requested before October 23, 2003.

2

Finally, if the trial court determines that appellant is entitled to appointed counsel and has none, it must appoint counsel to appellant and include in its findings of fact and conclusions of law the name, address, and state bar number of the counsel it appoints.

It is so ordered.

Per Curiam

Do not publish.