

# Fourth Court of Appeals
## San Antonio, Texas

October 3, 2014

No. 04-14-00661-CR

Clara **SOTO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR9377
Honorable Mary D. Roman, Judge Presiding

## O R D E R

The clerk's record was filed in this appeal on September 24, 2014. The plea bargain agreement contained in the clerk's record states that appellant agreed for punishment to be assessed at 12 months confinement with a $1,500 fine. The judgment reflects that appellant was sentenced to two years confinement with no fine assessed.

On March 24, 2014, the trial court signed a trial court certification stating the underlying case "is a plea-bargain case, and the defendant has NO right of appeal." In order for a case to be a plea-bargain case, however, "the punishment assessed [must] not exceed the punishment recommended by the prosecutor and agreed to by the defendant." TEX. R. APP. P. 25.2(a)(2). Accordingly, based on the documentation provided in the clerk's record, the trial court's certification of defendant's right of appeal appeared to be defective. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005); *Sanchez v. State*, 109 S.W.3d 760 (Tex. App.—San Antonio 2003, no pet.). Accordingly, on September 24, 2014, we ordered the trial court to amend the certification and cause the trial court clerk to file a supplemental clerk's record containing the amended certification within twenty days from the date of our order.

On October 1, 2014, appellant's attorney responded to our order. First, the appellant's attorney requested a supplemental clerk's record which was filed on October 1, 2014, and contains a bailiff's certificate which states that the defendant did not appear on the date of sentencing. Next, the appellant's attorney referred the court to the portion of the plea bargain agreement stating that if the defendant "fails to report for sentencing," the defendant "is open to full range of punishment and can't w/draw plea." Because the supplemental clerk's record

establishes that the defendant failed to report for sentencing, the appellant's attorney contends the trial court's certification is accurate because the two year sentence was within the full range of punishment to which defendant agreed.

Having reviewed the supplemental clerk's record and the plea bargain agreement, we agree with appellant's attorney. Accordingly, this court's order dated September 24, 2014 is WITHDRAWN.

In view of the foregoing, the trial court's certification accurately reflects that the criminal case is a plea-bargain case. *See* TEX. R. APP. P. 25.2(a)(2). Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d). It is therefore ORDERED that this appeal will be dismissed pursuant to rule 25.2(d) of the Texas Rules of Appellate Procedure unless appellant causes an amended trial court certification to be filed by October 27, 2014, showing appellant has the right of appeal. *See* TEX. R. APP. P. 25.2(d); 37.1; *see also Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005); *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.). All other appellate deadlines are SUSPENDED pending our resolution of the certification issue.

Catherine Stone, Chief Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 3rd day of October, 2014.

Keith E. Hottle
Clerk of Court