

# Fourth Court of Appeals
## San Antonio, Texas

April 19, 2021

No. 04-21-00036-CR

**EX PARTE NOEL PARKS**

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. CR-19-0000092
Honorable M. Rex Emerson, Judge Presiding

# O R D E R

This is an appeal of the trial court's ruling on a pre-trial writ of habeas corpus. Texas Rule of Appellate Procedure 25.2 provides that in a criminal appeal where the defendant is the appellant, "[t]he trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order." TEX. R. APP. P. 25.2(a)(2). Rule 25.2 further provides, "If the defendant is the appellant, the record must include the trial court's certification of the defendant's right of appeal under Rule 25.2(a)(2)," and cautions that "[t]he appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." *Id.* R. 25.2(d). Rule 25.2 does not contain any language excluding a defendant's appeal of a pre-trial habeas ruling from these provisions. *See id.*; *see also Ex parte Matthews*, 452 S.W.3d 8, 12 (Tex. App.—San Antonio 2014, no pet.) (noting denial of relief in pre-conviction habeas corpus proceeding is immediately appealable "because the habeas proceeding is in fact considered a separate criminal action, and the denial of relief marks the end of the trial stage of that criminal action") (internal quotation marks omitted).

On April 5, 2021, this court notified the district clerk's office that the clerk's record did not contain a certification of the defendant's right of appeal. On April 14, 2021, the district clerk filed a supplemental clerk's record containing: (1) a written order denying the defendant's writ of habeas corpus; and (2) a form certification of defendant's right to appeal. However, the form certification does not affirmatively indicate whether defendant has the right of appeal. Instead, the section of the form certifying whether this matter is appealable is crossed through with the handwritten phrase "no adjudication." Moreover, while the form is signed by defendant and her counsel, it is not signed by the trial court. Accordingly, the trial court's certification of defendant's right of appeal is defective. *See Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005); *Sanchez v. State*, 109 S.W.3d 760, 761 (Tex. App.—San Antonio 2003, no pet.). We therefore **ORDER** the trial court to amend the certification and the district clerk to file a supplemental clerk's record containing the amended certification **by May 19, 2021**. TEX. R. APP. P. 37.2; *Sanchez*, 109 S.W.3d at 761.

FILE COPY

Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 19th day of April, 2021.

MICHAEL A. CRUZ, Clerk of Court