

# Fourth Court of Appeals
## San Antonio, Texas

August 30, 2022

No. 04-22-00476-CR

**Ex Parte** Alexis Pantoja **Vasquez,**

From the County Court, Kinney County, Texas
Trial Court No. 10420-CR
Honorable Dennis Powell, Judge Presiding

# O R D E R

This is an appeal of the trial court's ruling on a pre-trial writ of habeas corpus. Texas Rule of Appellate Procedure 25.2 provides that in a criminal appeal where the defendant is the appellant, "[t]he trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order." TEX. R. APP. P. 25.2(a)(2). Rule 25.2 further provides, "If the defendant is the appellant, the record must include the trial court's certification of the defendant's right of appeal under Rule 25.2(a)(2)," and cautions that "[t]he appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." *Id.* R. 25.2(d). An order denying a pre-trial application for writ of habeas corpus is an appealable order. *See Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.*, 159 S.W.3d 645, 650 (Tex. Crim. App. 2005); *Ex parte Matthews*, 452 S.W.3d 8, 12 (Tex. App.—San Antonio 2014, no pet.).

On August 11, 2022, this court notified the trial court and the County Clerk of Kinney County that the clerk's record did not contain a certification of the defendant's right of appeal. On August 29, 2022, the district clerk filed a supplemental clerk's record containing a Rule 25.2 certification. In the section of the form certifying whether this matter is appealable, the trial court certified the following statement:

> XX      the defendant has waived the right of appeal.involves another appealable order (specify:
> ORDER DENYING APPLICATION FOR PRETRIAL WRIT OF HABEAS CORPUS AND FOR
> OTHER ANCILLARY MATTERS)

After reviewing the clerk's record, we do not see any indication that the appellant waived his right of appeal. Accordingly, the trial court's certification of defendant's right of appeal appears to be defective. *See Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005); *Sanchez v. State*, 109 S.W.3d 760, 761 (Tex. App.—San Antonio 2003, no pet.). We therefore **ORDER** the trial court to amend the certification and the district clerk to file a supplemental

clerk's record containing the amended certification by **September 19, 2022**. TEX. R. APP. P. 37.2; *Sanchez*, 109 S.W.3d at 761.

_____
Beth Watkins, Justice


     IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 30th day of August, 2022.

_____
MICHAEL A. CRUZ, Clerk of Court